# Williams *v.* The State.

### *Violating Prohibition Law.*

(Decided February 13, 1913.   Rehearing denied May 16, 1913.
62 South. 294.)

1. *Indictment and Information; Sufficiency.*—Where several distinct offenses are charged in the alternative in one count in the indictment, each disjunctive averment must allege an offense or the indictment is bad in whole.

2. *Courts; Rules of Decision.*—Where a question of constitutionality is duly certified to the Supreme Court, the Court of Appeals is bound to follow its determination.

3. *Appeal and Error; Review; Presentation Below.*—The trial court will not be put in error for declining to exclude the answer of the witness where it is not shown that the question calling for such testimony was objected to.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

George Williams was convicted of violating the prohibition law, and he appeals. Affirmed.

See, also, 60 South. 903.

The affidavit charged as follows: "George Williams accepted from another for shipment, transportation, or delivery, or shipped, transported, or delivered for another, prohibited liquors or beverages within the town of Wetumpka which said liquors or beverages were re-

ceived at one point or locality in this state to be shipped or transported or delivered to another firm, person, or corporation at another place or locality in this state, or to convey or transport, over and along the public street or highway for another in the town of Wetumpka, said prohibited liquors."

H. J. LANCASTER, G. F. SMOOT, and STEINER, CRUM & WEIL, for appellant. The court erred in overruling demurrers to the complaint.—*Eidge v. City of Bessemer,* 164 Ala. 599; *Mugler v. Kansas,* 123 U. S. 661. Each disjunctive averment must sufficiently allege an offense or else the whole pleading is bad.—*Raisler v. The State,* 55 Ala. 64; *Watson v. The State,* 140 Ala. 134. Counsel discuss the constitutionality of the act, but in view of the opinion, it is not deemed necessary to here set it out.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The complaint was sufficient.—*Priest v. The State,* 59 South. 318; Sec. 24, Acts 1909, p. 86. Where no objection is interposed to the question the court will not be put in error for refusing to exclude the answer.—*Billingsley v. The State,* 96 Ala. 123; *Downey v. The State,* 115 Ala. 108; *Stowers F. Co. v. Brake,* 158 Ala. 639.

THOMAS, J.—When in one count several distinct offenses in the alternative are charged, each disjunctive averment must allege an offense, or the information or indictment is bad in toto.—*State v. Nix,* 165 Ala. 128, 51 South. 754.

Section 24 of the Fuller Bill (Acts of Special Session 1909, pp. 86, 87) provides: "It shall be unlawful for any person, firm, corporation or association, whether a

common carrier or not, to accept from another for ship-
ment, transportation, or delivery for another said pro-
hibited liquors or beverages or any of them, when re-
ceived at one point, place or locality in this state to be
shipped, transported to or delivered to another person,
firm or corporation at another point, place, or locality
in this state, *or to convey or transport over or along any
public street or highway any of such prohibited liquors
for another;* and any person violating any of the pro-
visions of this act shall be guilty of a misdemeanor,"
etc.

The defendant was charged in the alternative with
each of the offenses declared and condemned in the
above quoted section of the act cited.   He moved to
strike from the complaint or information that alterna-
tive therein averring as follows:   *"Or did convey or
transport over and along a public street or highway in
the town of Wetumpka, Ala., for another, said prohibited
liquors."*   This motion being overruled, he thereupon
filed a demurrer to the whole complaint or information
upon the ground that that one of its disjunctive aver-
ments which we have last above set out charged no of-
fense against the laws of the state of Alabama, because
as alleged, that portion of section 24 of "the Fuller
Bill," hereinbefore quoted and cited, which attempted
to make the act alleged in said alternative an offense, is
unconstitutional and void.   This demurrer was like-
wise overruled.

Upon the conclusion of the evidence, the court charged
the jury orally, among other things, as follows:   "If you
believe from the evidence, beyond a reasonable doubt,
that the defendant did transport over or along a public
street in the town of Wetumpka whisky or beer, and
that he did it for another, knowing it was whisky or
beer, he would be guilty."   To this portion of said oral

charge the defendant duly excepted. The defendant was convicted, and upon appeal here urges upon us the unconstitutionality of that part of section 24 of "the Fuller Bill" which makes it an offense for any person, whether a common carrier or not, to convey or transport for another any prohibited liquors over or along any public street or highway. Appellant's counsel, in support of his argument as to the unconstitutionality of the provision, cites us to the cases of *Eidge v. City of Bessemer*, 164 Ala. 599, 51 South. 246, 26 L. R. A. (N. S.) 394; *West Virginia v. Gilman*, 33 W. Va. 146, 10 S. E. 283, 6 L. R. A. 847; *Mugler v. Kansas*, 123 N. S. 661, 8 Sup. Ct. 273, 31 L. Ed. 205. And he insists that the provision criticised is violative of section 35 of the Constitution of Alabama and the fourteenth amendment to the Constitution of the United States.

As provided by law, we certified and submitted this proposition to our Supreme Court, who have decided in favor of its constitutionality. See *Williams v. State*, (Sup.) 60 South. 903. We therefore hold that the trial court committed no error either in overruling appellant's motion and demurrer or in refusing the general charge requested by defendant or in giving that portion of its oral charge which was excepted to.

We have carefully examined all other exceptions disclosed by the record and are of opinion that there is no merit in either of them. The lower court cannot be put in error for overruling motions to exclude certain testimony of a witness, when it is not shown that the question calling for such testimony was objected to.

The judgment of the lower court is affirmed.

Affirmed.

ON APPLICATION FOR REHEARING.

The original opinion of this court being based, as there shown, on the decision of our Supreme Court, rendered in response to a certification by us, we, when application for rehearing was filed, certified the matter again to that court, who, with the whole record again before them, on May 8, 1913, overruled the application. In conformity with that ruling, a judgment will be here entered overruling the application.

Application for rehearing overruled.


