FREDERICK TUELL, *vs.* INHABITANTS OF MARION.

. Washington.   Opinion May 27, 1913.

*Action. Bridges. Constructing. Damages. Declaration. Demurrer. Floatable*
*Stream.   Highways.   Municipal   Corporations.   Navigation.*
*Negligence. Nuisance. Obstruction. Special Damage.*

In this action the plaintiff seeks to recover damages claimed to have been occasioned by reason of defendants' negligence in carelessly constructing and maintaining the bridge across Cathance Stream in Marion.

1. Navigable streams are public highways, that all persons have the right to pass over and to float logs, timber and other merchandise upon, and cities or towns have no right to obstruct the navigation thereof, unless they are given the right or the duty is imposed by statute.

2. The general rule is that municipal corporations are not liable to a private action for their neglect to perform, or their negligent performance of corporate duties imposed by statutes, but if the acts complained of are not authorized by statute and are done by authority of the municipal corporation, or are afterwards ratified by the corporation, they are liable, as an individual would be liable for the same wrongful acts. The law only exempts them from neglect or their negligent performance of their public or corporate duties imposed by statute.

On exceptions by defendant.   Overruled.

This is an action on the case to recover damages alleged to have been sustained by the plaintiff by reason of the defendants' negligence in carelessly constructing and maintaining two bridges across Cathance Stream in the town of Marion, and by negligently omitting to provide the abutments to said bridges with suitable wings, and that by reason thereof said stream was unreasonably obstructed. The defendant filed a general demurrer to the declaration, which was overruled by the Justice presiding. To this ruling, the defendant excepted.

The case is stated in the opinion.

*C. B. & E. C. Donworth,* for plaintiff.

*Ashley St. Clair, and James H. Gray,* for defendants.

SITTING:   WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

HALEY, J.   This is an action on the case to recover damages alleged to have been sustained by the plaintiff by reason of the defendants' negligence in carelessly constructing and maintaining two bridges, with the abutments thereto, across Cathance Stream in the town of Marion, and by permitting them to fall into a condition of dilapidation, and by negligently omitting to provide said abutments with proper and suitable wings, and that thereby the navigation of said stream was unreasonably obstructed.

Cathance Stream is alleged to be a non-tidable, floatable stream, a public highway through the town of Marion, and that, during the time complained of, the plaintiff was engaged in floating logs and lumber down said stream to a mill pond below said bridges, and that, by reason of the obstruction caused by said bridges and abutments, the passage of said logs and lumber was greatly obstructed and delayed, and the plaintiff put to the expense of employing more men than he otherwise would have done but for said obstruction, and put to other expenses which are specified in the declaration.

At the return term of the writ the defendant filed a general demurrer to the declaration, which, after joinder by the plaintiff, was overruled by the presiding Justice. To this ruling the defendants excepted, and the case is before this court upon the exceptions.

The defendants rely upon two rules of law to sustain their demurrer:

First:   That a common law action cannot be maintained to recover special damages sustained by one against a municipal corporation, or a town, for damages received through its neglect or omission to perform a public or corporate duty, and that the statutes of this State do not authorize an action for the causes set forth in the declaration.

Second:   That the cause of complaint, viz., an obstruction to the navigation of Cathance Stream, constituted a public nuisance, and the plaintiff has not suffered such special damages thereby as gives him the right to maintain this action.

I.   The general rule is that municipal corporations are not liable to a private action for their neglect to perform, or their negligent

performance of corporate duties imposed by statute; but if the acts complained of are not authorized by statute and are done by authority of the municipal corporation, or are afterwards ratified by the corporation, they are liable, as an individual would be, for the same wrongful acts. *Kelley* v. *Portland,* 100 Maine, 265; *Woodcock* v. *Calais,* 66 Maine, 234; *Anthony* v. *Inhabitants of Adams,* 2 Met., 284; *Small* v. *Inh. of Dennysville,* 51 Maine, 359; *Deane* v. *Inh. of Randolph,* 132 Mass., 475; *Thayer* v. *Boston,* 19 Pick., 511. The law only exempts them from neglect, or their negligent performance of their public or corporate duties imposed by statute.

The declaration alleges, and the demurrer admits, that Cathance Stream is a navigable stream and a public highway for all persons to go upon, and that the town constructed and maintained the bridges and the abutments in such condition that they were an obstruction to the navigation of said stream.

Navigable streams are public highways, that all persons have the right to pass over, to carry and to float logs, timber and other merchandise upon, and they being public highways, cities or towns have no · right to obstruct the navigation thereof, unless they are given the right, or the duty is imposed by statute. As stated in *Commonwealth* v. *Coombs,* 2 Mass., 492, "A navigable river is, of common right, a public highway, and the general authority to lay out a new highway must not be so extended as to give a power to obstruct an open highway already in the use of the public." *Arundale* v. *McCullock,* 10 Mass., 71; *State* v. *Anthoine,* 40 Maine, 435; *State* v. *Inh. of Freeport,* 43 Maine, 198; *Rogers* v. *Kennebec & Portland R. R. Co.,* 35 Maine, 319; *Inh. of Cape Elizabeth* v. *County Commissioners,* 64 Maine, 456. ·

The building and maintaining of the bridges complained of not being duties imposed upon the town by the general law, the town cannot justify their construction or maintenance, if an obstruction to navigation, ·except by an act of the Legislature, and the pleadings do not show that they were authorized by the Legislature to erect and maintain the bridge. The declaration does contain the allegation that the town "was liable to keep in repair, and did then and there

maintain them;" but the liability alleged is a statement of law which the demurrer does not admit. There are no facts stated in the declaration which authorize that conclusion.

In *Cumberland & Oxford Canal Company* v. *Portland,* 62 Maine, 504, the court says: "The declaration avers, and therefore the demurrer admits, that the city of Portland did the acts complained of. Those acts are, prima facie, acts of trespass. No justification or excuse being shown, the plaintiffs are entitled to judgment." In this case the declaration avers, and the demurrer admits, that the defendants did the acts complained of. They were acts that obstructed the navigation of the public highway. Even when a town is authorized by the Legislature to erect a bridge across navigable waters, unless it is constructed as authorized by the act in a reasonable and proper manner, and it is an obstruction to navigation, the town is liable. The legislative authority, under color of which bridges are built across navigable streams, contemplates its being done in a reasonable manner, and does not justify their erection so as to obstruct navigation, unless it is reasonably necessary so to do, or the act expressly authorizes the construction in such a manner as to obstruct navigation, for damages that result from a careless or unreasonable exercise of their power, are not treated as having been contemplated by the act conferring the authority. *Perry* v. *Worcester,* 6 Gray, 544; *Deane* v. *Inh. of Randolph,* 132 Mass., 475; Wood on Nuisances, Secs. 750, 754 and 757.

2. Has the plaintiff alleged that he sustained special damages different from those suffered by the community at large, either to his person or property, from the public nuisance alleged in the declaration to have been created by the obstruction of Cathance Stream? If he has, he has stated a cause of action; otherwise, he has not.

The declaration alleges that on April 1, 1909, and on each and every other day between said date and the first day of June next following, he was in possession of 1,600,000 feet of logs, lumber and timber, which he had contracted to float and drive down said Cathance Stream, passing through and under said bridges to the mill pond of the Dennysville Lumber Company; and also alleges the same facts as to the year 1910, except that in 1910 the amount

of logs, lumber and timber is stated to have been 1,200,000 feet, and that, by reason of the unreasonable obstruction of said stream, caused by the negligent acts of the defendants above referred to, the use of said stream was thereby unreasonably interfered with, and he was put to the expense of hiring additional men, and was delayed in floating the logs, lumber and timber, and thereby incurred other additional expenses.

To sustain their position the defendants rely upon cases which state that the party bringing the action must have sustained damages different from those sustained by the community at large, and urges upon us the case of *Blood et al.* v. *Nashua and Lowell Railway Co.,* 2 Gray, 137, as a case on all fours with the case at bar. In that case there was a stone bridge erected by the defendants across Stony Brook, and the plaintiffs owned a mill privilege on that stream, and the erection of the bridge prevented the floating of logs to the mill of the plaintiffs. The case was sent to referees, and they awarded, subject to the opinion of the court, among other things, "damages caused by being rendered more laborious and expensive to get logs, for the use of its mill, from the Merrimac River up Stony Brook, under the stone bridge, than it had been under the pile bridge," and the court held that the plaintiff was not entitled to the damages found by the referees for that cause, stating, "The obstruction of a public right of way is a public, not a private, wrong; it may affect those near the obstruction more than the rest of the public; but the damages sustained by those near it differ in degree only, not in amount."

The case does not show that the plaintiff had been put to any expense, or that he had attempted to use the passage. The fair inference from the report of the referees is that they awarded the damages, because the way had been made impassable, not for special damages that he had actually sustained.

In this case the damages alleged are damages suffered by the plaintiff different from those suffered by the community at large. The community only suffered the damage of not having the stream open to navigation, a damage common to all. The plaintiff suffered the same damages that the community suffered, and, in addition thereto, he alleges other damages by reason of the obstruction to navigation, those damages being the expense that he was obliged to

incur to pass the logs and lumber over the public highway, to wit, Cathance Stream.

It is alleged that the plaintiff sustained special damages by attempting to use the public highway, and for those damages, being special and different from those suffered by the community, if the allegations of the declaration are proved, unless the obstruction was lawful, he can maintain this action. *Smart* v. *Lumber Co.,* 103 Maine, 50, and cases cited; Wood on Nuisances, Sec. 632; *McPheters* v. *Log Driving Co.,* 78 Maine, 329; *Dudley* v. *Kennedy,* 63 Maine, 465; *Rogers* v. *Kennebec & Portland R. R. Co.,* supra; *Brown* v. *Chadburn,* 31 Maine, 9; *Brown* v. *Watson,* 47 Maine, 161; *Thayer* v. *Boston,* 19 Pick., 511.

*Exceptions overruled.*