# Pappenburg *v*. The State.

### *Violating Prohibition Law.*

(Decided May 12, 1914. Rehearing denied June 3, 1914.
65 South. 418.)

1. *Evidence; Judicial Knowledge; Common Knowledge.*—The court will take judicial knowledge of the fact that in Alabama the Tennessee river is navigable, and capable of being used in ordinary condition as a highway for commerce.

2. *Same; Corpus Delicti.*—The corpus delicti may be established by circumstantial evidence, the sufficiency thereof being a question for the jury.

3. *Criminal Law; Verdict; Validity.*—The fact that the verdict assessed a fine and cost, did not render the verdict invalid, as the words "and costs" will be treated as mere surplusage.

4. *Intoxicating Liquors; Regulation; Transportation; Public Highways.*—As used in section 24 of the Fuller Bill (Acts 1909, p. 86) a navigable water course is a public highway; the purpose of the act being to prevent the hauling in Alabama, along public highways prohibited liquors for others, when not an act of interstate commerce, it is clear that the legislature used the term public highway in its broad and generic meaning even though it follows the specific word "street." The doctrine of ejusdem generis has no application when it clearly appears from the act as a whole that no such limitation was intended.

5. *Same; Evidence.*—The evidence examined and held to support a finding by the jury that defendant did transport or convey the liquors along a public highway as charged.

6. *Same.*—Under Acts 1909, p. 86, the possession of the liquors by the person to whom defendant was charged to have transported them was prima facie evidence of his ownership.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

[Pappenburg v. The State.]

Henry Pappenberg was convicted of transporting prohibited liquors along the public highway for another, and he appeals. Affirmed.

TIDWELL & SAMPLE, for appellant. The demurrer to the affidavit or complaint should have been sustained.— *Comer v. State*, 62 Ala. 320; *Dickey v. State*, 68 Ala. 508; *Napier v. State*, 50 Ala. 169; *Glass v. State*, 30 Ala. 529; *Mills v. State*, 20 Ala. 86; 7 Words & Phrases, 6684; 38 Am. Rep. 282; 2 Am. St. Rep. 373; 32 L. R. A. 566; 27 L. R. A. 572; 30 L. R. A. (N. S.) 335; 36 Cyc. 1119-20; 26 A. & E. Enc. of Law, 609. On the same authorities the court should have sustained defendant's motion to exclude the evidence, and should have directed a verdict for defendant. Defendant was further entitled to the affirmative charge because the corpus delicti was not proven except by defendant's alleged confession.—*Harden v. State*, 109 Ala. 50; *Johnson v. State*, 37 South. 937; *Calvert v. State*, 51 South. 311. The doctrine of ejusdem generis applies and confines the meaning of the term "public highway" to the streets and roads of the country.—*Dix v. State*, 62 Ala. 1007; *Foster v. Blount*, 18 Ala. 687; *Comer v. State, supra*.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The Tennessee River in Alabama is a navigable stream susceptible of being used as public highway for commerce, a fact which the court judicially knows, and hence, was a highway within the contemplation of section 24, Acts 1909, 63, et seq; *Comer v. State*, 62 Ala. 320; 8 S. W. 683; 33 N. E. 986; 3 S. & M. 366; 4 Neb. 450; 49 N. E. 246; 69 Pac. 1050; 19 Fed. 347; 3 Kent. 548; 38 Cyc. 1183; *Bettis v. Taylor*, 8 Port. 564. There is no room for the application of the doctrine of ejusdem generis in

this case.—36 Cyc. 1119-1122; *Martin v. State,* 156 Ala. 80. The possession of the liquors was prima facie evidence of ownership, and the corpus delicti was sufficiently shown.—*Granison v. State,* 23 South. 146; *Martin v. State,* 28 South. 92; 2 Enc. of Evid. 763.

PELHAM, J.—The defendant, who prosecutes this appeal, was tried and convicted in the court below on a charge preferred by affidavit for conveying or transporting over or along a public street or highway prohibited liquors, for another, in violation of Section 24 of the Fuller Bill.—Acts Special Session 1909, pp. 86, 87. The prosecution is based on the disjunctive alternative provision contained in the latter part of said section 24 of the Fuller Bill, and charges an offense against the prohibition laws.—*Williams v. State,* 7 Ala. App. 124, 62 South. 294.

The affidavit alleges that the person for whom the defendant transported the liquors was one R. C. Lieb, and that the highway over which they were transported was the Tennessee river. By appropriate methods of attack, the defendant raised the question of the Tennessee river being a public highway within the meaning of the statute under which he was prosecuted, and that is the principal question presented and insisted upon by defendant's counsel in brief and argument.

We judicially know that the Tennessee river is navigable in Alabama and susceptible of being used in ordinary condition as a highway for commerce, and the word "highway" is a generic name used to denote "every thoroughfare which is used by the public, whether it be a carriageway, a horseway, a footway, or a navigable river."—3 Kent, 548. This is the meaning when broadly considered that has been most frequently accorded the term by the courts.—*Arkansas River Packet*

*Co. v. Sorrels,* 50 Ark. 466, 8 S. W. 683, 684; *Morgan v. Reading,* 11 Miss. (3 Smedes & M.) 366; *Heyward v. Chisolm,* 11 Rich. (S. C.) 253; *N. W. Tel. Ex. Co. v. Minneapolis,* 81 Minn. 140, 83 N. W. 527, 86 N. W. 69, 53 L. R. A. 175; *Abbott v. City of Duluth* (C. C.) 104 Fed. 833; *So. Ky. Ry. Co. v. Oklahoma,* 12 Okl. 82, 69 Pac. 1050; *Union Pac. R. R v. Colfax County Com'rs,* 4 Neb. 450; *Tuell v. Marion,* 110 Me. 460, 86 Atl. 980, 46 L. R. A. (N. S.) 35.

Our state Constitution says the navigable waters of the state "shall remain forever public highways" (section 24, Bill of Rights), and it has been held by the Supreme Court that, when a water course is navigable, the public have a common right to it for navigation as a public highway.—*Tennessee & Coosa R. R. Co. v. Danforth & Armstrong,* 112 Ala. 80, 20 South. 502. A public highway is recognized as including a navigable stream in the opinion of the court written by Chief Justice Stone in *Olive v. State,* 86 Ala. 88, 5 South. 653, 4 L. R. A. 33; and it was said in *Harold v. Jones,* 86 Ala. 274, 5 South. 438, 3 L. R. A. 406:

"The right to use water courses as highways and the right to ues highways on land are analogous, and depend on the same general principles."

In fact, the Legislature of the state, as well as the Constitution makers and the federal Congress, has declared that all navigable water courses in the state shall forever remain public highways (Aikin's Dig. 441; Acts of Congress, March 2, 1819), and this recognition of the generic term "highways" as including navigable streams has been the declared law of this state since as long ago as the case of *Bullock v. Wilson,* 2 Port. 436, and has often been followed in later cases and many times held to be the correct general construction or def-

inition to be given to the term in this state in both criminal and civil cases.

But it is contended by appellant that, while a naviga ble water course is a public highway for some purposes, it is not a public highway within the meaning of section 24 of the Fuller Bill. This argument is principally based on the holdings of the Supreme Court that a navigable river is not a public highway within the meaning of the statute against gaming. The reason for this latter holding and the considerations that brought it about will show that it can have no application to a proper construction of section 24 of the Fuller Bill. In passing on what was a public highway in the meaning of the statute against gaming in *Mills v. State,* 20 Ala. 86, the court, as contradistinguishing a public highway over land from private ways or neighborhood roads, gave a limited definition to the term that did not include navigable streams; that question not being before the court, and not considered or passed upon, and undoubtedly not in the mind of the court at all when defining the term in that case. This statute against gaming, however, was re-enacted subsequently to the term "public highway" within the meaning of that statute having been defined in the *Mills Case,* and the Supreme Court construed the re-enactment as a legislative sanction of the definition of the term as previously defined in the *Mills Case,* and felt bound to accord to the term that limited meaning in subsequent cases that arose under that particular statute.—*Glass v. State,* 30 Ala. 529. This latter case being followed by the Supreme Court in other cases under the statute for gaming as defining and limiting the term within the meaning of that statute, by a judicial construction subsequently sanctioned by legislative re-enactment; but that court pointedly refused to extend the narrow construction placed on the

gaming statute even to the statute for betting at a game of cards played at an unlawful place.—See opinion on application for a rehearing in *Napier v. State,* 50 Ala. 168.

Because a public highway within the meaning of the gaming statute was given a definition that excluded a navigable river under the circumstances and upon the considerations that we have pointed out, would not be authority for holding that a navigable river is not a public highway within the meaning of the Fuller Bill, when prior to the enactment of that law we know that the state Constitution recognized it as such, that the Legislature of the state and the National Congress had declared that it is, and that the Supreme Court had time and again so held. Acting under the fundamental rule that requires a strict construction of criminal statutes, the court, in considering these cases we have referred to, felt constrained to place the limited construction it did on this term within the meaning of that particular gaming statute when it had been re-enacted subsequent to a judicial definition given to the term in that connection; but we are not confronted with such a situation nor a similar rule of construction in giving a proper meaning to the term as used in this statute. The clear and obvious intent of this section (24) of the legislative enactment known as the "Fuller Bill," to be gathered from an interpretation of the language used, taken into connection with the entire act, is to prevent the hauling in this state of prohibited liquors for others when it is not an act of interstate commerce, whether it be on a railroad, a public roadway, or a river. The purpose of the bill is to destroy the traffic in prohibited liquors in the state, and section 37 of the act provides that it shall be liberally construed so as to accomplish its purposes and prevent

subterfuges and evasions. Giving it this construction, as enjoined by the act, and according to the generic term "highway" as it is used in section 24, its proper definition, we hold that it is there used in its broad sense and generally recognized meaning, and includes a navigable river.

As the statute (section 24, supra) inveighs against transporting for another any prohibited liquor "over or along any public street or highway," it is argued by appellant that the word "street" as used in the statute is a specific word, meaning the streets of a town or city, and that, the word by which it is followed, "highway," being a general word referring to a public road open to all passengers, the latter word must be construed as confined in its meaning, and as thus used in that connection must be held to refer to the same genus as the former word with a more specific meaning, which it follows. In other words, that the doctrine of ejusdem generis applies. This doctrine is but the application of a rule of construction, to be applied as an aid in ascertaining the legislative intent, and does not control when it clearly appears from this statute considered as a whole and construed liberally, as required by its terms, that no such restricted limitation on the use of the word "highway" was intended, but that it was used to include any highway within the broad sense and meaning of the word. Nor does the statute under consideration make use in this connection of the word "other" or "any other," following the designation or enumeration of any specific or particular class.—36 Cyc. p. 1120, and note citing authorities.

Another question raised by the defendant is that the corpus delicti was not proven, except by the confession of the defendant, in that it was not otherwise shown that the defendant transported or conveyed the prohib-

ited beverages *for one R. C. Lieb,* as alleged in the affidavit upon which he was tried. The corpus delicti may be established by circumstantial evidence just as any other fact, and its sufficiency is for the jury (*Perry v. State,* 155 Ala. 93, 46 South. 470) ; and, if there is any evidence tending to show it, it is for the determination of the jury (*Dupree v. State,* 148 Ala. 620, 42 South. 1004). It was shown by the testimony, aside from the confession of the defendant, that the prohibited goods transported by the defendant were marked in the name of R. C. Lieb, that they were delivered to him by the defendant, and that Lieb was in possession of the goods and carrying them away with him when the officer interfered and made the arrests. The possession of Lieb when arrested with the goods was prima facie evidence of his ownership, and the aliunde proof as a whole was amply sufficient to afford a foundation for the jury to find, beyond a reasonable doubt, that the defendant was transporting or conveying the goods for Lieb, and certainly prima facie sufficient to justify the court in allowing proof of a confession of that fact.—See *Bradford v. State,* 146 Ala. 150, 41 South. 471, and *Joiner v. State,* 119 Ga. 315, 46 S. E. 412.

The court cannot be put in error for overruling the defendant's objection to the introduction in evidence of the two barrels of beer. The objection was general, and there was no question raised of the identity of the barrels.

The defendant's motion in arrest of judgment on the ground that the verdict returned by the jury assessed a fine in a stipulated amount "and costs" was properly overruled.—*Doc McDaniel v. State, infra,* 64 South. 641.

We find no error in the record, and an affirmance is ordered.

Affirmed.