# Hall *v.* The State.

## *Violating Prohibition Law.*

(Decided January 21, 1915.   67 South. 714.)

1. *Intoxicating Liquors; Indictment.*—Under section 24, Acts 1909, p. 86, an indictment charging that the defendant carried prohibited liquors, to-wit, lager beer, for another, over or along a certain public street or highway, in a certain county and town, sufficiently charges the offense; and the indictment was sufficient, although it failed to aver the name of the person for whom such prohibitive liquors were carried, or that his name was unknown.

2. *Same; Evidence.*—The evidence examined and held sufficient to sustain a conviction of the offense charged.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Irvin Hall was convicted of violating the prohibition law, and he appeals. Affirmed.

Omitting formal charging part, the second count of the indictment is:

Irvin Hall did carry or transport over or along a public street or highway in Autauga county, Ala., to-wit, the public road leading from Montgomry, Ala., to Prattville, Ala., or over or along a public street in the town of Prattville, prohibited liquors, to-wit, lager beer, for another.

The demurrers are: (1) No offense; (2) fails to aver that defendant conveyed the prohibited liquors to another; (3) fails to aver on what road or street the prohibited liquors were conveyed or transported; (4) fails to aver the name of the person for whom said prohibited liquors were conveyed, or to aver that his name was unknown; (5) it was in the alternative that defendant did carry or transport over or along a public street or highway in Autauga county, or over or along a public street

in the town of Prattville, but fails to aver that the name of said public street was unknown, or to aver the name of said street.

. P. E. ALEXANDER and GIBSON & BOOTH, for appellant. The indictment was not sufficient under the statute.— § 24, Acts 1909, p. 86. The jury was not authorized to convict under the evidence.—*Turner v. The State,* 97 Ala. 57; *Segars v. The State,* 86 Ala. 59; *Washington v. The State,* 58 Ala. 355.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence was sufficient to authorize a conviction of the offense charged, and the court properly ruled on the demurrer.—§ 24, Acts 1909, p. 86; *Williams v. The State,* 179 Ala. 50; s. c. 8 Ala. App. 394; s. c. 7 Ala. App. 125.

PELHAM, P. J.—The second count of the indictment charges an offense under the provisions of the statutes regulating handling prohibited beverages (Acts 1909, pp. 86, 87, § 24), and demurrers to this count were properly overruled.—*Williams v. State,* 7 Ala. App. 124, 62 South. 294; *Williams v. State,* 8 Ala. App. 394, 62 South. 371.

In prosecutions for a violation of the liquor laws it is not necessary to set out in the indictment the name of the person to whom a gift or sale of the prohibited liquor was made, or for whom conveyed or transported.—Acts 1909, pp. 86, 87, § 27. See *Grace v. State,* 1 Ala. App. 211, 56 South. 25.

While the evidence as set out in the bill of exceptions contained in the transcript is somewhat confusing in parts, as well as contradictory, there was sufficient evidence of the guilt of the defendant of the offense charged

against him to submit that question to the jury. In one part of the bill of exceptions it is recited that the defendant himself testified that, in addition to the barrel of beer, he had whisky in the wagon, and, while specifically claiming the beer as his own, no such claim was made with respect to the whisky; nor did the defendant deny the testimony of the state's witnesses to the effect that the defendant had told them that he was hauling the whisky for another.

Affirmed.


