# Bush *v.* The State.

## *Violating Prohibition Law.*

### (Decided January 21st, 1915.  67 South. 847.)

1. *Indictment; Information; Amendment; Complaint.*—Where the original affidavit was in the form prescribed by section 29½, Acts 1909, p. 90, and charged in the alternative that the defendant did sell, keep for sale, offer for sale, or otherwise disposed of prohibited liquors, contrary to law, an amendment of such original complaint by averring in the language in the statute that the defendant transported and delivered for another prohibited liquors or beverages, merely made the original charge more specific, and was not objectionable as the original charge was broad enough to cover the offense denounced by section 24 of said act.

2. *Same; Further Plea; Necessity.*—Where it appeared that the defendant had filed a plea of not guilty to the original complaint, and that the defendant had the full benefit of said plea, as to both counts of the amended complaint, it was not necessary that the defendant should refile the plea before trial on the amended complaint; especially is this true since the adoption of Rule 45, Supreme Court Practice.

3. *Intoxicating Liquors; Sufficiency; Evidence.*—The evidence examined and held sufficient to justify the submission to the jury, the question of the guilt of the defendant for illegally transporting liquor for another.

4. *Evidence; Confession; Predicate.*—The evidence was sufficient to justify the admission of the defendant's confession that the liquor found in his possession did not belong to the defendant.

5. *Charge of Court; Directing Verdict.*—Where the evidence is sufficient, if believed by the jury, to overcome the presumption of innocence, a defendant is not entitled to have a verdict directed for him.

6. *Same; Defendant as Witness.*—In weighing the evidence of the defendant in a prosecution for crime, the jury may consider the fact that he is not a disinterested witness.

7. *Same; Reasonable Doubt.*—It is requisite to a conviction only that the defendant's guilt be shown beyond all reasonable doubt; hence it was proper to refuse a charge asserting that if from the evidence it was probable that the defendant was innocent, the jury should find him not guilty, though it had, on the evidence, no reasonable doubt of his guilt.

[Bush v. The State.]

APPEAL from Shelby County Court.

Heard before Hon. E. S. LYMAN.

Tom Bush was convicted of violating the prohibition law, and he appeals. Affirmed.

The original affidavit charged that Bush did sell, keep for sale, offer for sale, or otherwise dispose of, spirituous, vinous, or malt liquors, etc. The count added is that Tom Bush shipped, transported, or delivered for another prohibited liquors or beverages, received at one point, place, or locality in this state to be transported, shipped, or delivered to another person, firm or corporation at another point, place, or locality in this state. The original affidavit was made and filed November 15, 1913, and the second or amended count was filed March 26, 1914. The judgment entry recites:

"Now, on this 26th day of March, 1914, comes the state of Alabama  *  *  *  and also came the defendant,  *  *  *  and the defendant, being arraigned in open court for answer to the affidavit, pleads and says he is not guilty in the manner and form as charged therein. Thereupon the state, by leave of the court first had and obtained, adds a second count to the affidavit against the objection of defendant. The defendant files demurrers to the amended count, which having been heard and understood by the court, it is considered, ordered, and adjudged by the court that the same be and they are hereby overruled, and thereupon both the state and defendant announce ready for trial."

The following is charge D refused defendant:

"If from the evidence in this case there is a probability that defendant is innocent, the jury should find him not guilty, although the jury has no reasonable doubt from the evidence that defendant is guilty."

RIDDLE & ELLIS and ACUFF & PITTS, for appellant. The court erred in permitting the amendment to the com-

plaint.—*Campbell v. The State*, 43 South. 743; *Gandy v. The State*, 1 South. 35; *Tatum v. The State*, 66 Ala. 465. Count 2 was subject to the demurrer interposed by the defendant.—Acts 1911, p. 26; Acts 1911, 249; *Southern Express Co. v. Brickman & Co.*, 65 South. 954. The defendant was entitled to the affirmative charge.—*Papenburg v. The State*, 65 South. 418; *Calvert v. The State*, 51 South. 311; *Harden v. The State*, 194. The confessions were improperly admitted as no sufficient proof of the corpus delicti had been introduced.—Authorities supra.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

BROWN, J.—The original affidavit on which the prosecution was commenced was in the form prescribed by the statute (Gen. Acts, Sp. Sess. 1909, p. 90, § 29½), charging in the alternative that the defendant "did sell, keep for sale, offer for sale, or *otherwise dispose* of spirituous, vinous, or malt liquors, contrary to law," etc. This charge was broad enough to cover the offense denounced by section 24 of the act, making it unlawful for one person to ship, transport, or deliver for another "prohibited liquors" as defined in this statute, when received at one point in this state to be shipped, transported, or delivered to another point in this state. The terms *"otherwise disposed of,"* when used in the connection set forth in the affidavit, the act provides "shall include and be deemed to include barter, exchange, giving away, furnishing, or *any manner of disposition by which said liquors and beverages may pass unlawfully from one person to another."*—Gen. Acts Sp. Sess. 1909, p. 91, § 31.

The legal effect of the amendment was merely to add another count, making the charge more specific by averr-

ing, in the language of the statute, that the defendant "transported or delivered for another *prohibited liquors* or beverages, received at one point in this state to be shipped or transported to or delivered to another person," etc.　The court in allowing this amendment impinged no right of the defendant.—*Campbell v. State,* 150 Ala. 70, 43 South. 743; *Brannon v. State, infra,* 67 South. 634.

The term "prohibited liquors or beverages" is defined by the Legislature as including "all liquors, liquids and beverages prohibited by the law of the state to be manufactured, sold or otherwise disposed of, or any device or substitute for any of them, and shall also be so understood in any warrant, process, affidavit, complaint," etc. —Acts supra, § 31.　The legal import of the averments made in the second count of the complaint is that the defendant transported or delivered for another liquors or beverages in violation of the statute, and imposed upon the state the burden of proving the charge as laid.　The demurrer to the second count of the complaint was not well taken, and was properly overruled.—*Brannon v. State, supra; Traylor v. State,* 100 Ala. 142, 14 South. 634; *Jordan v. State,* 5 Ala. App. 229, 59 South. 710.

While the recitals in the judgment entry indicate that the defendant interposd his pla of not guilty before the amendment of the complaint by adding the second count was allowed, it affirmatively appears that the plea was interposed, and that the defendant had full benefit of the plea as to both counts of the complaint.　The plea of not guilty as interposed applied to both counts of the complaint, and it was not necessary for the defendant to plead again before the trial was entered upon.—*Howard v. State,* 165 Ala. 18, 50 South. 954. Under rule 45 of the Supreme Court practice (61 South. ix), it appearing on examination of the entire case that defendant had full

benefit of his plea, no ground for reversal is shown.—
*Harwell v. State, infra,* 68 South. 500.

The original complaint charged several offenses in the
alternative (*Allison v. State,* 1 Ala. App. 207, 55 South.
453), embracing, as we have shown, the offense charged
in the affidavit added by amendment, and the defendant
was tried on the complaint as amended. The corpus de-
licti of the offenses charged in the first count was the un-
lawful keeping of liquors for sale.—*Allison v. State, su-
pra.* The evidence offered by the state, independent of the
confession of the defendant, showed that the defendant
was arrested in November, 1913, at Hopkinsville, in
Shelby county, and when arrested he had in his posses-
sion a grip or suit case filled with pint bottles contain-
ing whisky, there being in the suit case 14 or 15 of such
bottles, and at the time of the arrest and before the suit
case was opened he stated to the officers that there was
only one quart of whisky in the case. This evidence was
sufficient to justify the submission of the case to the jury
(*Roe v. City of Tuscaloosa, infra,* 67 South. 845; *Foshee
v. State,* 9 Ala. App. 76, 63 South. 753), and was suffi-
cient to justify the admission of the defendant's confes-
sion, as shown by one of the state's witnesses, that the
liquor did not belong to the defendant.—*Allison v.
State, supra; Pappenburg v. State,* 10 Ala. App. 224,
65 South. 418.

The question of defendant's guilt or innocence, under
all the evidence, was one for the jury, and the affirma-
tive charge was properly refused.—*Roe v. City of Tusca-
loosa, supra.*

The instructions to the jury in the court's oral charge,
to the effect that in weighing the defendant's testimony
they could consider the fact that the defendant was in-
terested, was not improper, and affords defendant no
ground of complaint.

Charge D is manifestly bad. The law only requires that the defendant's guilt be shown beyond all reasonable doubt.

The court did not err in overruling the defendant's motion non obstante veredicto.—*Brannon v. State, supra.*

There is no error in the record, and the judgment is affirmed.

Affirmed.