# Arrington. *v.* The State.

### *Violating Prohibition Law.*

(Decided June 15, 1915.   Rehearing denied June 30, 1915.
69 South. 385.)

1., *Intoxicating Liquors; Indictment; Sufficiency.*—An indictment in the form prescribed by section 29½, Acts 1909, p. 90, is broad enough to charge the offense denounced by section 24 of said ·act.

2. *Same; Offenses; Sale.*—Where it appeared that about twenty different deliveries of liquor within eight months aggregating about 107 gallons was made to defendant, and that the liquors was shipped and billed to defendant, and defendant testified that several persons gave him money to which he added some of his own, and that he ordered the liquor from another state shipped to him in this state, and there received it and transported it to his home, and then distributed it among those contributing to the fund, the legal title of the liquor when received from the express company was in defendant, and his act in transporting and delivering to other persons contributing to the fund, was in the nature of a sale within Acts 1909, p. 90.

3. *Same; Evidence.*—The evidence examined and held sufficient to require a submission to the jury of the question of defendant's guilt of violating the prohibition statutes.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

James Arrington was convicted of violating the prohibition law, and he appeals. Affirmed. ·

H. L. MARTIN, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.   .

BROWN, J.—(1) The indictment is in the form prescribed by the statute (Acts Sp. Sess. 1909, p. 90, § 29½), and charges that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law," etc., and is broad enough to cover the offense denounced by section 24 of the act above referred to, making it unlawful for any person to transport or deliver for another prohibited liquors.—*Bush v. State*, 12 Ala. App. 260, 67 South. 847; *Bud Harrison v. State, infra,* 69 South. 383; *Whaley v. State, infra,* 69 South. 384.

In *Whaley v. State, supra,* construing section 24 of the Acts of the Legislature, Sp. Sess. 1909, p. 86, we said: "It will be noted that this section defines four separate offenses: (1) That of accepting 'prohibited liquors' from another for shipment or delivery; (2) that of shipping 'prohibited liquors for another'; (3) that of delivering prohibited liquors to another (one of the constituent elements of the above-enumerated offenses is that the prohibited liquors must have been received at one point, place, or locality in this state to be shipped or transported to or delivered to another person, firm, or corporation at another place or locality in this state) ; and (4) that of conveying or transporting over or along any public street or highway such prohibited liquors for another."

(2, 3) The evidence adduced by the state shows without dispute that the agent of the Southern Express Company at Elba, Coffee county, delivered to the defendant 20 different shipments of liquors between January 14, 1914, and September 21, 1914, weighing in the aggregate 1,289 pounds, and containing about 107 gallons; that these liquors were shipped and billed to the defendant, and he received them from the agents of the Southern

[Arrington v. The State.]

Express Company and receipted for each shipment. The defendant does not deny these facts, but testifies in his own behalf that several persons living in the community gave him money, to which he added some of his own, and that he ordered this liquor from Pensacola, Fla., and had it shipped to himself at Elba, Ala.; that he there received it and transported it from Elba, in Coffee county, to his home in the same county, and distributed it to each of the persons contributing to the fund, keeping a portion for his own use.

The legal title to the liquor when it was received from the express company was in the defendant.—*Pilgreen v. State,* 71 Ala. 368. The transportation and delivery of the liquor to the other persons who contributed to the fund used in its purchase operated a transfer of the title to the person to whom delivered, and was in the nature of a "sale."—*O'Brein v. State,* 3 Ala. App. 175, 57 South. 1028; *Coker v. State,* 91 Ala. 8 South. 874; 4 Words and Phrases, 3092.

The case of *Vernon v. State,* 161 Ala. 85, 50 South. 57, was not dealing with an offense under the Fuller Law, above referred to; in fact, the law was passed after the decision in that case was announced, and it has no application to the case here.

There is no conflict in the holding of this court in *O'Brein v. State, supra,* and *Bush v. State,* 12 Ala. App. 260, 67 South. 847. The *O'Brein Case* merely holds: "The statute does not undertake to give to such a use of the words in question the effect of describing or embracing a mere delivery of prohibited liquor by one person to another for no other purpose than its safe-keeping for the benefit of the person so temporarily parting with the possession of it."

But it does not hold that, if such delivery is for the purpose of transferring to another the property in the liquors with the right to consume them, this would not be within the act. It is manifest from the entire text of the act known as the Fuller Law that its purpose is to make the form of indictment therein prescribed cover the offense denounced by section 24, and the fact that the act defines the words "otherwise disposes of" is evidence of the legislative purpose to give these words a broader meaning than had previously been given to them in the decisions of the courts.

Under the undisputed evidence in the case, the defendant, if the jury believed the evidence beyond a reasonable doubt, was guilty, and the affirmative charge with hypothesis was properly given.

Affirmed.