# Whaley *v.* The State.

## *Violating Prohibition Law.*

(Decided June 17, 1915.   69 South. 384.)

1. *Intoxicating Liquors; Offenses; Statute.*—Section 24, Acts 1909, p. 26, defines four separate offenses—that of accepting prohibited liquors from another for shipment or delivery; that of shipping prohibited liquors for another; that of delivering prohibited liquors to another; and that of conveying over any public street or highway prohibited liquors for another.

2. *Same; Complaint; Sufficiency.*—A complaint or indictment in the form prescribed by section 29½, Acts 1909, p. 90, sufficiently charges the offense denounced by section 24 of said act.

3. *Same.*—A complaint alleging that defendant unlawfully transported prohibited liquors, is not rendered faulty for a failure to aver that the transporting was for another, although to sustain a conviction, the proof must show that the liquors were transported for another.

4. *Same; Venue.*—Although the proof must show that the offense was committed within the territorial jurisdiction of the court, it is not essential that it be so averred in the indictment or complaint.

5. *Same; Evidence.*—The evidence examined and held sufficient to show that defendant transported prohibited liquors to another in violation of the statute.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Harper C. Whaley was convicted of violating the prohibition law, and he appeals. Affirmed.

J. A. CARNLEY, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

BROWN, J.—(1) The defendant was convicted of an offense denounced by section 24 of the Act of the Legislature (Sp. Sess. 1909, p. 86), which provides: "It shall be unlawful for any person, firm, corporation or asso-

[Whaley v. The State.]

ciation, whether a common carrier or not, to accept from another for shipment, transportation or delivery, or to ship, transport or deliver for another said prohibited liquors or beverages or any of them, when received at one point, place or locality in this state to be shipped or transported to or delivered to another person, firm or corporation at another point, place, or locality in this state, or to convey or transport over or along any public street or highway any of such prohibited liquors for another, and any person violating any provision of this section shall be guilty of a misdemeanor."

It will be noted that this section defines four separate offenses: (1) That of accepting "prohibited liquors" from another for shipment or delivery; (2) that of shipping "prohibited liquors for another;" (3) that of delivering prohibited liquors to another (one of the constituent elements of the above enumerated offenses is that the prohibited liquors must have been received at one point, place, or locality in this state to be shipped or transported to or delivered to another person, firm, or corporation at another place or locality in this state); and (4) that of conveying or transporting over or along any public street or highway such prohibited liquors for another.

(2) In one of our recent decisions we had occasion to consider the sufficiency of a complaint or indictment for the violation of this statute, in which it was held that the form of indictment or complaint prescribed by section 29½ of the act was broad enough and covered the offenses denounced by section 24, supra.—*Bush v. State*, 12 Ala. App. 260, 67 South. 847. This disposes of the contention of the appellant that the first count of the complaint filed by the solicitor was a departure from the original affidavit and charged a different offense, and

justifies the ruling of the court on the demurrer to that count.

·(3) We are of opinion that appellant's contention that the second count is not sufficiently specific, in that it failed to aver that the prohibited liquors were transported for another, is not tenable. While the count does not aver this in terms, it does aver that the defendant unlawfully transported prohibited liquors, and to sustain this charge proof that such liquors were transported for another in violation of the statute is essential to a conviction.—Acts Sp. Sess. 1909, §§ 29-33, pp. 92-94; *Williams v. State,* 91 Ala. 14, 8 South. 668; *Tarkins v. State,* ·108 Ala. 17, 19 South. 24.

(4) While it is necessary for the proof to show that the offense was committed within the territorial· jurisdiction of the court, it is not an essential averment in the indictment or complaint.—*Toole v. State,* 89 Ala. 131, 8 South. 95.

(5) The evidence shows without room for adverse inference that the defendant employed Harrison, who owned the automobile, to transport a lot of liquor from Troy, Ala., to Coffee Springs, in Geneva county; that the automobile was held up while it was within the corporate limits of the town of Elba; that there were on the car at the time several cases of liquor and some beer, and a man by the name of Reeves was driving the automobile, and Harrison was on the front seat with Reeves, while defendant was sitting on the rear end of the car with the liquors. The defendant stated to the officers at the time they stopped the car that the liquors belonged to the defendant and some other persons, and Harrison testified that defendant employed him and paid him to convey these liquors from Troy to Coffee Springs. The defendant offered no evidence.

[Arrington v. The State.]

We are of the opinion that the state was entitled to the affirmative charge, which the court gave at the instance of the solicitor, and that there was no error in the oral· instruction given by the court.—*Preist v. State,* 5 Ala. App. 171, 59 South. 318.

Affirmed.