# Turner *v.* The State.

### Violating Prohibition Law.

(Decided February 1, 1916.   70 South. 971.)

1. **Appeal and Error; Record; Review.**—Where no demurrer to the indictment is set out in the record, and no ruling on demurrer is shown by the judgment of the court, an assignment of error raising such question is not supported by the record.

[Turner v. The State.]

**2. Indictment and Information; Statutes.**—An indictment charging that defendant sold malt liquors contrary to law is sufficient under the direct provisions of § 29½, Acts 1909, p. 90.

**3. Intoxicating Liquors; Jury Question.**—Where the state's evidence tended to show a sale by defendant of Schlitz beer, the question as to whether defendant was guilty of selling malt liquors was for the jury.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Will Turner was convicted of violating the prohibition law, and he appeals. Affirmed.

LEITH & GUNN, for appellant. W. L. MARTIN, Attorney General, and H. G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—(1, 2) The defendant was indicted at the August term, 1914, of the Walker county circuit court for selling "malt liquors contrary to law," and was tried at the April term, 1915. The demurrer to the indictment, if one was interposed, is not set out in the record, and no ruling on demurrer is shown in the judgment of the court; hence, the argument of counsel predicated on such assumed ruling is inapt. The indictment was sufficient as charging the offense of selling malt liquors and to sustain the judgment of conviction.—Acts Special Session 1909, p. 90, § 29½; *Arrington v. State,* 13 Ala. App. 359, 59 South. 385; *Bush v. State,* 12 Ala. App. 260, 67 South. 847; *Harrison v. State,* 13 Ala. App. 354, 69 South. 383; *Whalley v. State,* 13 Ala. App. 356, 69 South. 384.

(3) The evidence offered by the state tended to show a sale of "Schlitz" beer by the defendant to George Ruff, and was sufficient to carry the case to the jury and to authorize the refusal of the affirmative charge.

There is no error in the record, and the judgment is affirmed.

Affirmed.