# Hancock v. The State.

### Violating Prohibition Law.

(Decided April 6, 1916.   Rehearing denied May 30, 1916.
71 South. 973.)

1. **Appeal and Error; Harmless Error; Pleas.**—Where the court subsequently gave the affirmative charge for defendant as to each of several counts, to which demurrer had been interposed and overruled, the overruling of such demurrers was harmless.

2. **Indictment and Information; Sufficiency; Following Statute.**—A count in an indictment which follows the form provided by § 29½, Acts 1915, p. 30, for charging a violation of the prohibition law, covered every violation of law committed by defendant within 12 months prior to the commencement of the prosecution, whether such violation consisted of selling, offering for sale, keeping for sale, giving away or otherwise disposing of prohibited liquors, contrary to § 33 of said act, or transporting said liquors along a street or highway for another, or in acting as agent for or in assisting another in procuring the unlawful sale of such liquors, contrary to § 33 of said act.

3. **Criminal Law; Verdict; Reference to Good Count.**—Where the charges embraced in the first count of the indictment included the separate charges made in subsequent counts, the overruling of a demurrer to the other counts will not work a reversal of the judgment of conviction, where the verdict was general, not specifying the count under which it was found, even if each of the other counts was subject to the demurrer filed, since the verdict will be referred to the good count.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Ben Hancock was convicted of violating the prohibition law, and he appeals. Affirmed.

The following are the counts referred to in the opinion: (1) Before me, T. L. Sowell, judge of the law and equity court of Walker county, in and for said county, personally appeared J. D. Estes, who, being duly sworn, deposes and says that he has probable cause for believing and does believe that within 12 months before the making of this affidavit, Ben Hancock, whose name is to the affiant unknown otherwise, sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law.

(7) Affiant deposes and says that he has probable cause for believing, and does believe, that within 12 months before the

making of this affidavit Ben Hancock transported over or along a public street or public highway spirituous liquors for another, whose name to affiant is unknown, said liquors so transported were transported from Jasper to South Lowell, both being in Walker county, Ala.

(8) Affiant further says that he has probable cause for believing and does believe that within 12 months before the making of this affidavit, and since January 27, 1915, Ben Hancock did receive or accept for delivery, or possessed or had in his possession at one time, more than one-half gallon of spirituous liquors, against the peace and dignity of the state of Alabama.

LEITH, & GUNN, for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.—The only questions raised by the record relate to the action of the court in overruling defendant's demurrer to each of the eight counts of the complaint upon which defendant was tried for a violation of the prohibition law.

(1) If there was error in overruling the demurrer as to the second, third, fourth, fifth, and sixth counts, it was error without injury, for it appears from the record that the court subsequently gave the defendant the affirmative charge as to each of these counts. There remain to be considered, therefore, only the first, seventh, and eighth counts.

(2) The first count followed the form provided by the statute for charging a violation of the prohibition law, and the demurrer to it was properly overruled.—General Acts 1915, p. 30, paragraph 29½; *Glover v. State,* 11 Ala. App. 289, 66 South. 877; *Spigener v. State,* 11 Ala. App. 296, 66 South. 896. It covered any violation of the law committed by defendant within 12 months prior to the commencement of the prosecution (*Glover v. State, supra*), whether such violation consisted of a selling, offering for sale, keeping for sale, giving away, or other unlawful disposition (General Acts 1915, p. 32, par. 32), or transporting along a public street or highway for another, spirituous, vinous, or malt liquors (*Hall v. State,* 12 Ala. App. 210, 67 South. 714), or in acting as agent or assisting friend for another in procuring an unlawful sale of such liquors (General Acts 1915, p. 34, par. 33).

[Hancock v. The State.]

(3) The charges embraced in said count included, therefore, the separate charges made in counts 7 and 8; hence, even if each of these latter counts were subject to the demurrer filed to them, the overruling of such demurrer will not work a reversal of the judgment of conviction, because the verdict of conviction was a general one, not specifying the count under which it was found, and will be referred to the good count.—*Norman v. State,* 13 Ala. App. 337, 69 South. 362. However, we may say in passing that we do not think either of the counts 7 or 8 subject to attack on any ground stated in the demurrer.—*Hall v. State,* 12 Ala. App. 210, 67 South. 714; *Spigener v. State,* 11 Ala. App. 296, 66 South. 896, General Acts 1915, p. 44, par. 12.

Affirmed.