# Porter *v.* The State.

### Violating Prohibition Law.

(Decided September 7, 1916.   72 South. 776.)

1. **Indictment and Information; Sufficiency.**—A count of a complaint or affidavit which follows the language of § 29½, Acts p. 90, in charging the violation of the statute, is sufficient.

2. **Intoxicating Liquors; Transporting; Affidavit.**—The affidavit in this case examined and held to sufficiently charge the offense denounced by § 24, Acts 1909, p. 86-7.

3. **Indictment and Information; Sufficiency.**—Where an offense is of statutory creation, it is generally held sufficient to describe or charge it in the language of the statute.

4. **Same.**—A count drawn under § 12, Acts 1915, p. 44, known as the Bonner Anti-Shipping Bill, before its amendment, charging an offense in the

[Porter v. The State.]

language of the statute, and averring its commission to have been within 12 months before the making of the affidavit, and since the statute went into effect, was sufficient against demurrer.

APPEAL from Walker Law and Equity Court.
Heard before Hon. T. L. SOWELL.
Jim Porter was convicted of violating the prohibition law and he appeals. Affirmed.

LEITH & GUNN, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

EVANS, J.—The affidavit or complaint upon which appellant was prosecuted was sworn out before a justice of the peace on March 13, 1915, and consisted of eight counts. The trial court, at the request of appellant, gave the affirmative charge as to all the counts except 1, 7, and 8.

(1) Count No. 1 charged that defendant "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrary to law." The affidavit followed the language of the prohibition statute (Acts 1909, p. 90, § 29½), which is expressly declared by said section to be sufficient and has been judicially so determined in numerous cases.—*Kirk's Case,* 14 Ala. App. 44, 70 South. 990; *Turner's Case,* 14 Ala. App. 29, 70 South. 971; *Arrington's Case,* 13 Ala. App. 359, 69 South. 385; *Whaley's Case,* 69 South. 384; *Bush's Case,* 12 Ala. App. 260, 67 South. 847. The demurrers to count 1 were not meritorious.

(2, 3) Count numbered 7 is drawn under section 24 of the act commonly known as the Fuller Bill (Acts 1909, pp. 86, 87) and charges (omitting statement as to time and probable cause), that defendant "transported over or along a public street or highway spirituous liquors for another whose name to affiant is unknown, said liquors so transported were transported along the streets of Cordova in Walker county, Ala." Where an offense is of statutory creation it may be laid down as a general rule as sufficient to describe or charge the offense in the language of the statute creating and defining it.—*Mason & Franklin v. State,* 42 Ala. 543. A similar complaint to count 7 was held to be good by this court in *Hall's Case,* 12 Ala. App. 210, 67 South. 714. This count is also invulnerable against the attack of the demurrers interposed.

[Flowers v. The State.]

(4) .Count numbered 8 was drawn under section 12 of what is commonly known as the Bonner anti-shipping bill (Acts 1915, p. 44) ; this section was amended and superseded by section 3 of an amendatory act (Acts 1915, p. 533, §§ 3 and 6) ; but at the time of the affidavit section 12 had not been amended. This section makes it unlawful to receive or accept for delivery or to possess or have in possession at any one time more than one-half gallon of spirituous liquors. The complaint properly charged the offense, following the language of the statute, and averred its commission to have been "within 12 months before making this affidavit and since the 27th day of January, 1915" (the date said act was approved and went into effect). The demurrers to this count, it appears, were not well taken.

We discover no reversible error in the several exceptions reserved to the testimony.

Charges marked A, 8, and 9, requesting the general affirmative charge as to counts 1, 7, and 8, respectively, were properly refused.

There is no error in the record, and the judgment below is affirmed.

Affirmed.