[Hauser v. The State.]

# Hauser *v.* The State.

## *Violating Prohibition Law.*

(Decided December 4, 1912.   Rehearing denied December 17, 1912.
60 South. 549.)

1. *Intoxicating Liquors; Election; Effect.*—Although the majority of the electors of an entire county voted in favor of the sale of whisky, yet the Acts of 1911, p. 30, and Acts 1911, p. 249, declare that there shall be no sale outside certain cities and towns, and hence, notwithstanding the election, all prohibition statutes, including those as to manner of enforcing prohibition remain in force in the other parts of the county outside said cities and towns.

2. *Evidence.*—Under the Fuller Bill, the. mere possession of prohibited liquors at a place other than the home or dwelling, creates a presumption that they are kept for an unlawful purpose.

3. *Same; Instructions.*—In a prosecution for violating a prohibition law where there was some evidence to show a sale, a charge directing an acquittal, if the jury did not find that the liquor found on the premises was kept for an unlawful purpose, ignored some of the evidence, and was, therefore, bad.

4. *Appeal and Error; Review; Judgment Entry.*—The mere state-me..t of a bill of exceptions that a motion to strike out a certain count was overruled was not sufficient to present such rulings for review as there must be a judgment entry in the record proper showing such ruling.

5. *Same; Harmless Error; Pleading.*—Any error in refusing to strike out a count, filed on appeal to the city court, because of a variance between it and the complaint in the inferior court was harmless, where the original complaint and the complaint filed in the city court both charged that the act was done within the past twelve months, although the count filed in the city court was filed three months after the complaint in the justice court, as the evidence disclosed that the act complained of was done within the nire months common to both complaints.

6. *Same; Presumption.*—Where the bill of exceptions stated generally that the witness fixed the commission of the offense within twelve months covered by the complaint, it will be presumed to support the judgment that it was fixed within the nine months thereof covered by both pleadings.

7. *Same; Harmless Error; Evidence.*—As the appeal to the city court recessarily admitted that the defendant was the person tried in the inferior court, it was harmless error, if error at all, to permit the state to identify him as such person.

8. *Same.*—Where a fact is practically admitted without contradiction. it is harmless error to refuse to admit cumulative evidence of such fact.

[Hauser v. The State.]

9. *Bill of Exceptions; Constructions.*—Bills of exception are construed most strongly against the party excepting, and in favor of the judgment of the lower court, and hence, matters generally stated, such as the time covered by the complaint will be referred to the time covered by the original 'complaint by which a prosecution was begun, rather than that covered by the formal complaint filed on appeal.

10. *Charge of Court; Directing Verdict.*—Where there was evidence authorizing a conviction, if believed, the defendant was not entitled to have the verdict directed.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Jacob J. Hauser was convicted of violating the prohibition law, and appeals. Affirmed.

Charge "D" is as follows: "The mere fact that liquor was found on the premises, without more, would not make the defendant guilty, and, if the jury do not find beyond all reasonable doubt that the liquor was kept for an unlawful purpose, as charged in this case, then you should find the defendant not guilty."

WEBB & McALPINE, for appellant. The sale of liquor having been authorized in the county of Mobile by an election, the Carmichael and Fuller bills are no longer in force, and the Smith Bill is the one regulating the sale of liquor.—*City of Birmingham v. Baranco*, 58 South. 945; *State ex rel. Crumpton v. Montgomery, et al.*, 59 South. 296; *W. Ry. v. Capital B. & I. Co.*, 59 South. 52. Counsel discuss the other matters assigned as error, but without citation of authority.

. R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

. THOMAS, J.—The Supreme Court have held, after most careful consideration and painstaking and elaborate discussion, that section 32 of the act approved ·August 25, 1909, commonly known as the "Fuller Bill"

. (see Gen. & Loc. Acts Sp. Sess. 1909, p. 63), was consti-
tutional.—*Alford v. State, ex rel. Atty. Gen.*, 170 Ala.
178, 54 South. 213, Ann. Cas. 1912C, 1093. That sec-
tion provides, in substance, that all prosecutions for a
violation of any of the provisions of the act, or any
other act for the suppression of the evils of intemper-
ance, including all prosecutions for a violation of the
auxiliary prohibition statute approved August 9, 1909
(definitely described in the section), may be begun by
affidavit, as well as by indictment, and that, when be-
gun by affidavit, the person charged shall not have the
right to demand that a grand jury shall prefer an in-
dictment for the alleged offense, but the prosecution
may continue no matter in what court or before what
judge the trial shall be had, upon the affidavit upon
which it was originally begun, etc.; that, if the prose-
cution is begun before a court in which jury trials are
provided for, the defendant may, within the time fixed
by the section, file a demand for a jury trial, in which
event such jury trial shall be allowed, but, if the prose-
cution is begun before a court or judge as to which or
whom no provision is made for a jury trial, the court or
judge, if he has jurisdiction to try such case, shall pro-
ceed with the trial, and, if the party charged is convict-
ed, he may appeal to the circuit or other court of like
jurisdiction in the county, etc., and there, in such high-
er court, be entitled to a jury trial, as in other cases of
appeal, in criminal cases, etc.—Acts Sp. Sess. 1909, p.
63, § 32.

The defendant was arrested on affidavit and warrant,
returnable before the judge of the inferior criminal
court of Mobile county, charging that the defendant
"sold, offered for sale, kept for sale, or other unlawful
disposition, or otherwise disposed of, spirituous, vinous
or malt liquors." The judge of said inferior court or

3 CA

said inferior court is one "as to whom or which no provision is made for a jury trial" within the contemplation of said section 32 of said "Fuller Bill."—Local Acts 1898-99, p. 1164, as amended by Local Acts 1907, p. 82. Upon arraignment there, the defendant demanded a jury trial, which was refused, and upon regular trial there had was convicted in said court of said offense charged. He appealed the case to the city court of Mobile, a court having jurisdiction of such appeals, within the meaning of said section 32 of the said Fuller Bill, where, upon complaint filed by the solicitor, he had a regular jury trial, and was convicted. In the latter court, before the trial was entered upon, he moved to strike the case from the docket upon the ground, quoting from the motion, "that he demanded a jury trial in the inferior criminal court, and cannot be further prosecuted under such complaint without an indictment," which motion was overruled by said city court; and on appeal here the defendant's counsel insists that said court was in error in so doing, because they say in substance, as argued in their brief, the said Fuller Bill, which, by section 32 thereof, as hereinbefore substantially set out, furnishes the only authority for denying the defendant the right to demand a jury, when brought for trial before the said inferior criminal court, has been repealed in Mobile county by the fact that Mobile county has, since the passage of said Fuller Bill and other kindred or auxiliary prohibition statutes, held a "local option" election and voted in liquor under the power and provisions of subsequent enactments, to wit, those companion statutes commonly known as the "Parks Bill" and the "Smith Bill" (Gen. Acts 1911, pp. 26 and 249, respectively).

Waiving this time, without intending thereby to commit ourselves for the future on, a question not presented

in either brief, but occurring to us, as to whether or not an appeal is the proper method of raising the proposition we are now asked to determine, we will consider the proposition, since we are of opinion that appellant's position on it is untenable, and that a decision on it will likely save other appeals. The evidence shows without conflict that the alleged offense, if committed at all, as to which the evidence is conflicting, was committed without, and not within, the corporate limits of the city of Mobile. Assuming, for argument's sake, a matter not up for consideration, that the said Fuller Bill and all other prohibition statutes were repealed as to the corporate limits of the city of Mobile by the county local option election referred to, held under the statutes referred to, to wit, said Parks Bill and said Smith Bill, it does not follow that the repeal extended to the balance of the county; that is, to that part of it beyond the corporate limits of said city. When those statutes—the Smith and Parks Bills—were enacted, prohibition, with certain auxiliary statutes (including the said Fuller Bill), all intended to make prohibition effective, was the rule in this state, and the said Smith and Parks Bills were only intended to ingraft an exception upon this general rule by permitting the sale, etc., of liquors within certain territory therein defined, and that only upon certain conditions, to wit, the holding of a "local option" election by the people of the county, in which that certain excepted territory was situated, resulting in the majority favoring such sale.

It is true that the electors of the whole county vote upon the question, the county, by the provisions of the statutes, being the unit for such purpose; but it is not true that when the result is in favor of the sale, etc., the right to sell, etc., is extended to the limits of the whole county, nor is it true that the other provisions of the

prohibition statutes are suspended as to the whole county. The statute providing for the election and making the county the unit to vote on the question expressly confines the sale of liquors to the limits of incorporated cities and certain towns within the county voting favorably to such sale. Sections 10 and 11 of said Parks Bill (Gen. Acts 1911, p. 30), when paraphrased, read: "That if in any election held under the authority of this act a majority of legal votes cast in said election [referring to the county local option election which the act provides for] shall be for legalizing the manufacture and sale of said liquors, then liquors may be sold, etc., by dispensary or by private dealers, as may have been also determined by the majority in such election, under such regulations and restrictions as shall be provided by law." But says section 10½ of the same act: "The sale of spirituous, vinous, malt and other intoxicating drinks and beverages * * * shall not be permitted outside the corporate limits of cities or towns." The said act, the Parks Bill, containing the above provisions, expressly anticipates the subsequent passage of the Smith Bill (Gen. Acts 1911, p. 249) to provide regulations and restrictions for the sale of liquors, when so authorized by an election of the people of the county held under the Parks Bill. The said Smith Bill was subsequently passed to provide such regulations and restrictions, and, among those so provided, we find in the very first section of said act that sales so authorized by such local option elections are restricted to the limits of incorporated cities and certain towns within the county holding the election. The very statutes, then (the Parks and Smith Bills), by which, as a result of the local option election held under them in Mobile county, defendant's counsel contends the Fuller Bill and all other state-wide prohibition statutes were repealed, as

to the whole of Mobile county, expressly restricted the
sale, manufacture, etc., so authorized by them, to the
limits of incorporated cities and towns in such county.
They thereby, by clear implication, which we think does
not admit of serious dispute, intended to leave in opera-
tion as to all territory outside of the incorporate limits
said Fuller Bill and all other existing prohibition stat-
utes.  Surely it was not intended in thus expressly leav-
ing the suburban districts of the county with prohibi-
tion to at the same time leave them without the laws
which obtained in the balance of the state for enforcing
that prohibition.  The Smith and Parks Bills were only
intended, as before said, to ingraft exceptions upon the
general rule of state-wide prohibition.  These excep-
tions, by the express language of these acts, are certain
incorporated cities and towns in counties that have vot-
ed wet in a local option election, provided for by those
statutes; and in all other territory the Fuller Bill and
all other prohibition statutes that were in effect when
the Parks and Smith Bills were passed are still in op-
eration.—See, in connection, *Western Ry. Co. v. Capitol
Brew. Co.* (Sup.) 59 South. 52; *State v. Montgomery*
(Sup.) 59 South. 295.  Hence the lower court did not
err in overruling defendant's said motion.

The bill of exceptions shows that upon the trial in
the city court the defendant made also a motion to
strike out the first count of the complaint filed by the
solicitor on the ground that it is a departure from the
complaint filed in the court below.  The language of the
complaint filed in the inferior criminal court and of the
first count of the complaint filed by the solicitor in the
city court are practically the same—each alleging that
"within the past twelve months" defendant sold, of-
fered for sale or other unlawful disposition, or other-
wise disposed of, spirituous, vinous, or malt liquors.  It

is insisted that there is a variance between the two, in this: that, while each charges that the act was done "within the past twelve months," yet each, it is asserted in effect, speaks only from the time it was filed, and one complaint being filed on April 29, 1912, and the other on July 20, 1912, there is a variance between the two in the allegation of time within which the act was committed. While the bill of exceptions recites that the motion was overruled, there is no judgment entry whatever in the record proper showing the ruling of the court upon said motion. We are not therefore authorized to review it.—*Gaston v. Marengo Improvement Co.,* 139 Ala. 466, 36 South. 738.

Granting, however, that the fact that the judgment entry does show affirmatively that the defendant was convicted on the first count, the very count sought to be stricken by the motion, excludes any other possible theory than that the court did overrule the motion, and that we are, therefore, called upon to review the ruling, and granting that the lower court was in error in overruling the motion—which we do not decide—it was clearly error without injury. The bill of exceptions does not purport to quote the language of the witnesses introduced by the state, but merely undertakes to recite the substance of their testimony. It says that "within the time covered by the complaint" Sheriff Lynn went to defendant's place of business, etc., then gives the facts testified to by said sheriff, tending to show the commission of the offense at that time by defendant. This recital is the only one in the bill having reference to the time when the offense was committed.

Bills of exceptions are construed most strongly against the party excepting, and when it admits of two constructions, one of which will reverse and the other affirm the judgment, that construction must be adopted

which will affirm the judgment.—*Massey v. Smith*, 73 Ala. 173; *McGehee v. State,* 52 Ala. 224; *Dudley v. Chilton County,* 66 Ala. 593. The words used in the bill as to when the offense was committed, to wit, "within the time covered by the complaint," can as easily and more likely have reference to the time covered by the complaint as originally filed, and by which the prosecution itself was begun, as to the formal complaint filed by the solicitor on appeal.

Besides, granting that the said words "within the time covered by the complaint" mean within 12 months before July 20, 1912—the date the complaint was filed by the solicitor—it does not affirmatively exclude the idea but what the act was done some time between July 20, 1911, and April 29, 1912; the latter date being the date when the first complaint was filed. If it was done between the two latter dates—and there is nothing in the statement quoted to conflict with this idea—then it was done "within time covered" even by the first complaint; for the two complaints cover that period in common, a period of about nine months, intervening between the dates last stated. The offense would have had to have been committed between April 29, 1912 (the date the first complaint was filed), and July 20, 1912 (the date the last one was filed), for the defendant to have been injured by the action of the court in overruling said motion to strike. The bill of exceptions being ambiguous in this particular, and being construed most strongly against the exceptor, who prepared it, and who could easily have made it definite and certain, we are safe in presuming, something not inconsistent with the language of the bill, that the witnesses put the time of the commission of the offense some time between July 20, 1911, and April 29, 1912. Therefore there was no

injury, if error, in overruling the motion to strike the complaint filed by the solicitor.

There was evidence upon which, if believed by the jury beyond a reasonable doubt, they were authorized to convict defendant; hence the general charge requested by defendant was properly refused.

Charge "D" is not a correct exposition of the law. The mere possession of prohibited liquors at any place other than the home creates a presumption that they are kept for an unlawful purpose.—Fuller Bill; Acts Sp. Sess. 1909, p. 63. Besides, the charge ignores the fact that there was some evidence tending to show a sale.

There was no error, and no injury, if error, in permitting the state to identify the defendant as the same person tried in the lower court. This fact the appeal itself necessarily admitted.

There was no injury, if error, in not permitting the introduction of the "checks and bills" in connection with the testimony of defendant's witness Baumhauer; because, without objection, he had already testified that the "bills" for the goods were made out to Mrs. Hauser, defendant's wife, and were paid for by "checks" drawn in her name per the defendant. This showed all that the "bills or checks" themselves would have shown, beneficial to the defendant, and this evidence was not in the slightest contradicted by any witness. Hence such contents were practically an admitted fact, and there could be no injury in not permitting cumulative evidence of the same facts, which the "bills" and "checks" would only have been.

We find no injurious error in the record, and the judgment of the lower court is affirmed.

Affirmed.