# Ogden v. The State.

### Violating Prohibition Law.

(Decided August 1, 1916.   72 South. 587.)

1. **Intoxicating Liquors; Affidavit; Demurrer.**—In a prosecution for violating the Fuller Bill (Sec. 32, Acts 1909, p. 52) a demurrer to the counts in an affidavit charging that defendant sold, offered for sale, or otherwise disposed of liquor contrary to law; that he kept or had in possession for sale, bartered or exchanged liquors contrary to law; that he engaged in the business of a retailer contrary to law; that he maintained an unlawful drinking place; that he carried on the business of a manufacturer or distiller of prohibited liquors; and that he accepted prohibited liquors from another for shipment or delivery to another, was properly overruled.

2. **Appeal and Error; Record; Review.**—Where the judgment entry showed that a motion of defendant to quash an affidavit charging his violation of the prohibition law, was overruled, but the grounds of the motion nowhere appeared, no question was presented for review in such particular, especially where the judgment entry showed that after the motion to quash was overruled, the complaint was amended by separate paper filed, but not set out in the record.

[Ogden v. The State.]

3. **Same; Amendment.**—Where the judgment entry showed that defendant objected and excepted to the allowance of an amendment to a complaint charging him with violating the prohibition laws, but such amendment was not set out in the record, the allowance of the amendment cannot be reviewed.

4. **Intoxicating Liquors; Evidence.**—The admission of defendant's declaration against interest in a prosecution for violating the prohibition law was not error.

5. **Same; Possession.**—Under the Fuller Bill, the mere possession of prohibited liquors at a place other than the home or dwelling, creates a presumption that they are kept for an unlawful use.

6. **Charge of Court; Directing Verdict.**—Where it appeared from the bill of exceptions that the "bundles" of whisky left by defendant at a certain place, and seized by the sheriff, were exhibited to the jury and put in evidence, but the quantity and nature of the packages nowhere appared, this court will not review the action of the trial court in refusing to direct a verdict for defendant.

7. **Appeal and Error; Review; Presumption.**—Where the bill of exceptions showed that the whisky left by defendant at a crtain place and seized by the sheriff was exhibited to the jury and put in evidence, but it fails to show the quantity and nature of the packages, this court will indulge the presumption, to support the ruling of the trial court, that the bundles of whisky contained sufficient quantities to afford the inference that the liquors were kept for an unlawful purpose.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Sandy Ogden was convicted of violating the prohibition law, and he appeals. Affirmed.

The first count charges Sandy Ogden sold, offered for sale, or otherwise disposed of, spirituous, vinous, or malt liquors, contrary to law. The second count charges the same thing as to prohibited liquors and beverages. The third count, in addition, charges that he kept or had in possession for sale, bartered or exchanged spirituous, vinous, or malt liquors contrary to law. The fourth count charges that he engaged in the business of a retailer contrary to law. The fifth count charges that defendant maintained an unlawful drinking place contrary to law. The sixth count charges that he carried on the business of a manufacturer or a distiller of spirituous liquors contrary to law, and the seventh count charges that he accepted from another for shipment, transportation, or delivery, or to ship, transport, or deliver to another said prohibited liquors or beverages, or any of them. The witness Sutton was permitted to state, after stating that he used no threats or intimidations and made defendant no promises, that defendant asked witness if he thought witness could

get Mr. Sparks to help him, and witness told him that Mr. Sparks was mighty against whisky, and defendant asked the witness what he thought about defendant carrying the whisky to Bob Hambrick, and defendant said maybe he could help him. It was also stated that defendant said it was whisky that he had.

M. L. LEITH, and NORMAN GUNN, for appellant. W. L. MARTIN, Attorney General, for the State.

PELHAM, P. J.—(1) The court committed no error in overruling the demurrer to the several counts of the affidavit upon which defendant was tried and convicted for a violation of the prohibition law.—*Ben Hancock v. State,* 14 Ala. App. 91, 71 South. 973.

(2) It appears from the judgment entry that the court overruled a motion of defendant to quash this affidavit; but, as the record nowhere shows what were the grounds of the motion no question is presented for review in this particular. Besides, it appears from the judgment entry that after the overruling of the motion to quash, the complaint was amended by a separate paper filed, which is not set out in the record, and which, for aught we know, remedied the defects, if any, of the original affidavit, thereby curing the error of the court, if any, in overruling the motion to quash.

(3) The defendant objected and excepted, so the judgment entry shows, to the action of the court in allowing the amendment mentioned; but, as the amendment is nowhere set out in the record, this action of the court likewise cannot be reviewed, since we are not informed as to what the amendment was.

Section 32 of the prohibition law, commonly known as the "Fuller Bill" (Acts 1909, p. 63), under the provisions of which the defendant was tried, provides that prosecutions under the provisions of that act may be begun, and continue to a conclusion, no matter in what court or before what judge, upon the affidavit upon which it was originally begun.

(4, 5) The rulings of the court in admitting the declarations of the defendant against interest are without error. Other rulings on the evidence are manifestly correct, and do not require discussion. Under the "Fuller Bill" the mere possession of prohibited liquors at a place other than the home or dwelling creates a presumption that they are kept for an unlawful purpose.—*Hauser v. State,* 6 Ala. App. 31, 60 South. 549.

(6, 7) It is stated in the bill of exceptions that the "bundles" of whisky left by the defendant at the house of Alice Hambrick and seized by the deputy sheriff were exhibited to the jury and introduced in evidence. It thus appears that there was evidence before the trial court as to the quantity and nature of the packages of whisky that is not before us on review. There is nothing in the bill of exceptions showing the quantity or nature of the packages of whisky; and, in the absence of this evidence, which the trial court had before it in making its rulings, we are not in a position to affirm that the trial court was in error in refusing the general charge requested by the defendant.—*Hunnicutt Lbr. Co. v. M. & O. R. R. Co.*, 2 Ala. App. 436, 443, 57 South. 73; *Sloss-Sheffield S. & I. Co. v. Redd*, 6 Ala. App. 404, 60 South. 468. In this state of the record, the presumption must be indulged in favor of the rulings of the trial court that the bundles of whisky contained sufficient quantity to afford the inference that the liquors were kept for an unlawful purpose.—*Foshee v. State*, 9 Ala. App. 76, 78, 63 South. 753.

We find no error in the record.

Affirmed.