# Thomas v. The State.

### Violating Prohibition Law.

(Decided September 7, 1916. 72 South. 769.)

1. **Intoxicating Liquors; Judgment; Offense.**—Under § 29½, Acts 1909, p. 90, and § 7151, Code 1907, where the complaint charged the keeping of liquor for sale, and the judgment entry adjudged defendant guilty of selling, such judgment is void and not merely an erroneous sentence, and hence the conviction will be set aside and the cause reversed.

2. **Appeal and Error; Review; Necessity of Bill.**—Where there is no bill of exceptions, the rulings of the court on the motion of the state to strike a special plea of defendant is not reserved and cannot be considered.

3. **Intoxicating Liquors; Statutes.**—Although the sale of intoxicating liquors is authorized in a city in the county under Acts 1911, p. 96, and p. 249, yet the provisions of Acts 1909, pp. 8 and 63, remain in force in the territory of the county outside of such city, and the sale of liquor in such territory is forbidden.

4. **Same; Indictment.**—A complaint for keeping intoxicating liquors for sale need not allege that the sale was not made in the city in the county in which such sale was lawful under the Smith and Parks bills.

[Thomas v. The State.]

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Will Thomas was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

W. E. GRIFFIN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.—This appeal is upon the record proper, without a bill of exceptions.

(1) The affidavit or complaint herein dated June 29, 1915, charges that defendant "did keep or have in his possession for sale or delivery spirituous, vinous, or malt liquors." The jury returned a verdict of guilty and assessed a fine of $100, as appears from the judgment entry. The judgment entry further recites as follows:

"It is considered and adjudged by the court that the defendant is guilty of selling liquor."

Under our prohibition statutes "selling," "offering for sale," and "keeping for sale" are separate and distinct offenses, and they may be joined in the same count in the alternative.—Acts 1909, p. 90, § 29½; Code 1907, § 7151. It will be observed, however, that the complaint charged the "keeping" or having in possession for the purpose of sale or delivery, and did not charge defendant with "selling." It is apparent, therefore, that the defendant was adjudged guilty of and sentenced for an offense not in conformity with the verdict and with which he had not been charged. It follows that the judgment is void—not merely an erroneous sentence—and the judgment entry below must, in consequence, be reversed and set aside and the cause remanded for a new trial.—See *Ex parte Robinson*, 183 Ala. 30, 63 South. 177.

(2) In the absence of a bill of exceptions, the ruling of the court upon the state's motion to strike the special plea is not reserved for our consideration.—*Gaston v. Marengo Improvement Co.*, 139 Ala. 465, 36 South. 738.

(3) The demurrers were without merit and properly overruled. Notwithstanding the sale of liquor was legalized in the city of Troy under what was commonly known as the "Parks Bill" (Acts 1911, p. 26) and the "Smith Bill" (Acts 1911, p. 249),

[Porter v. The State.]

yet the Fuller bill (Acts 1909, p. 63) and the Carmichael bill (Acts 1909, p. 8), enjoining and enforcing prohibition in the liquor traffic, were still in force and effect in all portions of the county of Pike outside the corporate limits of incorporated cities or towns, where, pursuant to the terms of said Parks and Smith bills, the sale of liquor was permitted.—See *Hauser v. State,* 6 Ala. App. 34, 60 South. 549; *Western Ry. of Ala. v. Capitol Brewing & Ice Co.,* 177 Ala. 149, 59 South. 52; *Allen v. State, ex rel. Rowe,* 181 Ala. 383, 61 South. 912. Such being the case, the complaint was not vulnerable as against the attack of demurrers for not charging a crime.

(4) Nor was it necessary for the complaint to negative that the offense took place in excepted territory. As said in *Bellinger v. State,* 92 Ala. 86, 9 South. 399: "If there is an exception in the enacting clause, the party pleading must show that his adversary is not within the exception; but, if there be an exception in a subsequent clause, or subsequent statute, that is matter of defense, and is to be shown by the other party."

See, also, 22 Cyc. 344; *Carson v. State,* 69 Ala. 235; *Grattan v. State,* 71 Ala. 344; *Sims v. State,* 135 Ala. 61, 33 South. 162; *McLeod v. State,* 8 Ala. App. 329, 62 South. 991.

The judgment of the trial court is accordingly reversed and set aside, and the cause remanded.

Reversed and remanded.