(134 So. 821)

### JOHNSON v. STATE.

1 Div. 9.

Court of Appeals of Alabama.

May 19, 1931.

Granade & Granade, of Chatom, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The most damaging evidence adduced against this appellant on the trial below consisted of testimony allowed by the court over the objection and exception of the accused, as to implied admissions of guilt by the defendant, and it is insisted that, in each of the two instances where such testimony was allowed, the court committed error to a reversal.

State witness Tucker was permitted to thus testify: "I remember when the defendant was in jail last year under this charge and I had a conversation with him." The question was asked: "I will ask you whether or not you asked him this question, 'William what are you going to do about your case,' and he replied, 'I am going to plead guilty.'" The lower court construed the alleged statement, "I am going to plead guilty," as a voluntary confession of his guilt. In this there was error. The statement in question was in no sense an admission by the accused that he had committed the offense complained of. His intention or purpose in this connection may have been prompted by entirely different motives, and the constrained construction placed upon the remark was highly prejudicial to the substantial rights of the accused. The fact that the accused strenuously denied making such remark and insistently contended he was not guilty may, in this connection, be pretermitted.

There was also error in the ruling of the court in allowing state witness Elmore to testify, over the objection and exception of defendant, to what a Mr. Tew said, wherein the following occurred: "I had a little conversation with Mr. Tew and asked him who had charge of the cotton house, (the house in which this witness had testified he found a barrel of mash and other articles of contraband nature), Tew said William was supposed to have the key to it. William said nothing. I told him what I had found there. Defendant said nothing. I arrested defendant there."

The rule for the introduction of evidence of this character, that is, admissions from silence, has been stated to be "that the statement must be heard and understood by the party to be affected by it; that the truth of the facts embraced in it, must be within his knowledge, and that the statement must be made under such circumstances, and by such persons as naturally call for a reply." Peck's Case, 110 Ala. 336, 341, 17 So. 733, 734.

In Raymond v. State, 154 Ala. 1, 45 So. 895, 896, the court said: "It is undoubtedly the law that the silence of the defendant is not competent evidence against him, as an admission of the truthfulness of a statement of another made to him or in his presence, unless the statement was of such a character as to call for a reply by him; and it must also appear that the accusing statement, made to him or in his presence, was under such circumstances that he had a right to deny the truthfulness of the charge made against him. * * * His failure to speak, in denial of the truthfulness of the accusation or of a statement involving an accusation of guilt is in the nature of a confession."

In this case the preliminary testimony of the witness as to the proximity of defendant and his consequent ability to hear and understand the conversation between witness and Tew was too vague and uncertain to authorize the assumption that he did so hear and understand the statement or accusation, and, to hold otherwise, resort to an unwarranted conclusion in this respect would be necessary.

The hypothetical questions propounded by the solicitor to witness Tucker, as to whether certain (designated) articles were suitable for making whisky, were too indefinite and uncertain to authorize the introduction of this so-called expert testimony, which was allowed by the court, over the objection and exception of defendant. This character of testimony, if allowable at all, under the predicate laid, should have been confined to an exact and particular description of the specific articles relied upon for a conviction in this case. The errors in the rulings of the court in this connection, coupled with those hereinabove discussed, necessitates a reversal of the judgment of conviction from which this appeal was taken. Other questions are presented, but need not be discussed.

Reversed and remanded.