144 So. 535

### HOLLEY v. STATE.
### 7 Div. 937.

Court of Appeals of Alabama.
June 30, 1932.

Rehearing Denied Nov. 1, 1932.

261

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The defendant was charged by affidavit in the court of common pleas of Calhoun county that he did drive a car along the highway of Calhoun county while intoxicated. On appeal to the circuit court, the solicitor filed his information, which charged the defendant "being under the influence of intoxicating liquors did drive a vehicle upon a highway in this state contrary to law." The point is here made that there is a variance between the original affidavit and the information as filed by the solicitor. The language used either in the affidavit or the information was sufficient, in common parlance, to charge an offense under the section above. Neither of them charged a violation of section 3324, Michie's Code, Acts 1919, p. 1002, § 28. That section applies alone to motor vehicles, while the section here is broader and covers any kind of vehicle.

The argument is made that there is a material substantial difference between "being under the influence of intoxicating liquors" and "being intoxicated." The difference is that of "Tweedle dee and Tweedle dum." If a man is under the influence of intoxicating liquors, he is intoxicated, and, if he is intoxicated within the meaning of this statute, he is under the influence of intoxicating liquor. There are perhaps as many stages of intoxication as there are varieties of Heinz pickles, and the party affected rarely knows when he passes from one to another. But, in whatever stage he is, if he drives a vehicle upon the public road he becomes a menace to the public and subjects himself to the penalties of the statute.

The evidence for the state tended to prove the charge and also to show a collision between defendant's car and the car of a man by the name of Johnson. All of the facts tending to prove the condition of defendant at that time were relevant and admissible, but, as to who was to blame or how much damage was done, were not issues involved in the trial of this case and the court so correctly charged the jury. Johnson, the driver of the other car, may also be guilty, but that fact would not exonerate the defendant.

Charges 1 and 2, being the general affirmative charges were properly refused.

Charge 3 was properly refused.

The negligence of Clarence Johnson has nothing to do with the question of defendant's intoxication; nor would defendant be necessarily innocent if he were free from negligence in driving the car.

Young & Longshore, of Anniston, for appellant.

 Refused charge 4 is misleading. While the way and manner in which defendant was driving his car was relevant, as tending to prove whether or not he was intoxicated, the question of the responsibility for the collision between defendant's car and the Johnson car cannot be litigated in this case.

 Refused charge 12 places a burden on the state not authorized by the statute. The question is not to what extent defendant was under the influence of liquor. The question is, Was he under the influence of liquor? The degree of intoxication may have its bearing on the severity of the punishment, but not on the question of guilt.

We find no error in the record, and the judgment is affirmed.

Affirmed.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.