184 So. 42

## McMURRY v. STATE.

### 8 Div. 686.

Court of Appeals of Alabama.

June 7, 1938.

Rehearing Denied June 21, 1938.

Wm. Stell, of Russellville, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The evidence for the State tended to prove the charge as laid in the complaint. That for the defendant tended to prove the contrary. This made the question one of fact to be decided by the jury, and the court properly so charged.

The insistence made by the appellant is that the court erred to a reversal in refusing to give at the request of the defendant, in writing, Charge A as follows:

"The defendant must have been under the influence of intoxicating liquor at the time he was driving the motor vehicle, and the intoxication was such that it could or

did interfere with the proper operation of same and the burden is on the State to prove this beyond a reasonable doubt before you can convict the defendant."

This charge places too great a burden upon the State. Under Section 1397 (50) of the Code of 1928 (Michie's Code 1928), it is unlawful for a person to drive any vehicle upon a public highway while under the influence of liquors or narcotics. If, while under the influence of liquor or narcotics, he drives the vehicle along the public highway, he would be guilty of a violation of the Statute. It is not for the State to prove that the intoxication had reached a stage where it would or did interfere with the proper operation of the motor vehicle. The law assumes, without further proof, that when a person is under the influence of intoxicating liquors that it is dangerous to the public, as well as to the driver, to operate a motor vehicle upon the highways of this State.

The court in its oral charge fully instructed the jury as to the burden of proof, and in said charge, the court said: "The State contends this defendant was operating a motor vehicle upon a public highway in this County. While so operating a motor vehicle he was under the influence of intoxicating liquors. The defendant admits that he was operating the motor vehicle but denies he was under the influence of intoxicating liquors. The State contends he was under the influence of intoxicating liquors, and the defendant contends he was not under the influence of intoxicating liquors. These are the contentions you must decide and decide from the evidence in the case." And again the court said: "As I told you the burden of proof is on the State to prove beyond a reasonable doubt that this defendant was under the influence of intoxicating liquors at the time in question." And the court again said: "In order for you to convict the defendant you must believe beyond a reasonable doubt from the evidence in the case the defendant was under the influence of intoxicating liquors."

As was said by this Court in Holley v. State, 25 Ala.App. 260–262, 144 So. 535, 537:

"Refused Charge 12 places a burden on the state not authorized by the statute. The question is not to what extent defendant was under the influence of liquor. The question is, Was he under the influence of liquor? The degree of intoxication may have its bearing on the severity of the punishment, but not on the question of guilt."

The Legislature of this State, recognizing the menace to the traveling public of motor vehicles on the public highways being driven by persons under the influence of intoxicating liquors or narcotics, passed the Statute as it now appears in the law. It would be placing too great a burden on the State to give to that Statute the interpretation insisted upon by the appellant.

There are no other questions of merit. There appears to be no error in the record. The judgment is affirmed.

Affirmed.