37 So.2d 432

**LAMBERT v. STATE.**

4 Div. 60.

Court of Appeals of Alabama.

Nov. 9, 1948.

No attorney marked for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in answer to which the defendant interposed his plea of "not guilty" charged the defendant with the offense of assault with intent to murder. Upon the trial he was convicted of assault and battery and the jury assessed a fine of two hundred and fifty ($250) dollars. The court properly adjudged the defendant guilty and in this connection. the judgment entry shows: "It is therefore considered, ordered and adjudged by the court that the defendant, Jimmie Luther Lambert, be fined $250.00 and the costs of this prosecution."

All of the proceedings in connection with the conviction of the defendant were regular and without error. But in sentencing the defendant, who failed to pay the fine and costs, or to confess judgment therefor, the trial court should have followed the provisions of Sections 338, 339 and 341, Title 15, of the Code of Alabama 1940. Section 341 is as follows:

"If the fine and costs are not paid, or a judgment confessed according to the provisions of sections 339 and 340 of this title, the defendant must either be imprisoned in the county jail or, at the discretion of the court, sentenced to hard labor for the county as follows: If the fine does not exceed twenty dollars, ten days; if it exceeds twenty dollars and does not exceed fifty dollars, twenty days; if it exceeds fifty and does not exceed one hundred dollars, thirty days; if it exceeds one hun-

dred and does not exceed one hundred and fifty dollars, fifty days; if it exceeds one hundred and fifty, and does not exceed two hundred dollars, seventy days; if it exceeds two hundred and does not exceed three hundred dollars, ninety days; and for every additional one hundred dollars, or fractional part thereof, twenty-five days."

Section 342, Title 15, Code of Alabama 1940, which section is as follows:

"If, on conviction, judgment is rendered against the accused that he perform hard labor for the county, and if the costs are not presently paid or judgment confessed therefor, as provided by law, then the court may impose additional hard labor for the county for such period, not to exceed ten months, as may be sufficient to pay the costs, at the rate of seventy-five cents per day, and the court must determine the time required to work out such costs at that rate; * * *".

From what has been said the judgment of conviction from which this appeal was taken is hereby affirmed. The cause is remanded to the lower court for proper sentence as herein indicated.

Affirmed. Remanded for proper sentence.