39 So.2d 297

**CARTER v. STATE.**

4 Div. 59.

Court of Appeals of Alabama.

Nov. 23, 1948.

Rehearing Denied Dec. 7, 1948.

Henry Mayfield, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

182

J. A. Carnley, of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This prosecution originated in the Justice of the Peace Court, which under the Statute, Code 1940, Tit. 13, § 417, had jurisdiction to try the case wherein the accused was charged with the offense of operating a motor vehicle on the public highway while under the influence of intoxicating liquors, etc. Upon said trial he was convicted as charged and his punishment fixed at imprisonment in the county jail for twelve months. An appeal was taken, and perfected from said judgment to the circuit court, where he was tried upon a complaint filed by the Solicitor, the trial judge sitting without a jury.

The trial in the circuit court resulted in the conviction of the defendant, as charged, and his punishment fixed at imprisonment in the county jail for a period of twelve months. From the judgment of conviction this appeal was taken.

The demurrer to the Solicitor's complaint was properly overruled. Holley v. State, 25 Ala.App. 260, 144 So. 535; O'Reilly v. State, 235 Ala. 328, 179 So. 263.

The remaining question is the sufficiency of the evidence to sustain the complaint. As to this no extended discussion is necessary for it affirmatively appears there was but slight, if any, conflict in the evidence, all of which tended to show the guilt of the defendant as charged. The defendant elected to testify as a witness in his own behalf, and he freely admitted that a short time before the accident he drank four bottles of beer and also some whiskey. His testimony on cross-examination as shown by the transcript is as follows:

"Q. Frank, would you say you were not drunk when you were driving that car up the Troy road? A. Altogether, I was not drunk.

"Q. You were pretty well under the influence of liquor though, weren't you? A. Kind of.

"Q. In other words, you had drunk four bottles of beer, and a drink of liquor, and it was making you sleepy, wasn't it? A. Yes sir.

"Q. And you were driving the car at the time you had the wreck? A. I reckon I was.

"Q. And that was on the Troy road, in Coffee County? A. Yes sir."

And upon his direct examination, among other things, stated:

"Q. What had you drunk up to that time? A. I drank four bottles of beer, and one drink of whiskey there at the shop. * * *

"Q. How much whiskey was there? A. There was a pint of it. * * *

"Q. Now how did you drive that car up the road? A. I drove it good until I went to sleep.

"Q. Did you drive it in a zigzag way across the road? A. No sir.

"Q. Do you remember Henry Hardy or Jay Ware speaking to you to the effect that you were on the other side of the yellow line? A. No sir. Jay told me one time to slow it down. I was driving about sixty miles an hour on the Windham Mill stretch. * * *

"Q. Don't you remember the collision, or do you remember that you struck another car? A. No sir, I was asleep I reckon. I didn't know anything about the wreck until we was almost back to town." There was no semblance of error during the trial of this case. Therefore, the judgment of conviction from which this appeal was taken is due to be affirmed. It is so ordered.

Affirmed.