53 So.2d 764

## EVANS v. STATE.
### 7 Div. 143.
Court of Appeals of Alabama.
June 29, 1951.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

Without the aid of a jury the court adjudged the accused guilty of driving a motor vehicle while intoxicated.

The appellant was driving a tractor along the highway. While he was thus traveling his vehicle had a collision with an approaching car driven by Vester Brannon.

The defendant was knocked unconscious and was forthwith carried to the office of a physician for treatment for head injuries.

Brannon testified that beginning at a vantage point of about 150 yards from the point of collision he observed the defendant driving his tractor from one side of the highway to the other. "He was weaving all over the highway." It appears that over this space Brannon was traveling at a rate of about 45 or 50 miles per hour.

Mrs. Gladys Coleman gave this account: "Well, I was going to Leesburg and I was meeting Robert on his tractor and he looked like he was going to run over me and I jumped off the highway across a ditch until he got by me so when he passed me he turned back to the other side of the road

Hugh Reed, Jr., Centre, for appellant.

and Mr. Brannon was coming from toward Gadsden and Robert done like he was going to turn his tractor and go back to Leesburg and he turned his tractor into Mr. Brannon's car as he was passing."

The lady testified also that the appellant appeared to be asleep. In response to a question as to whether the defendant was drunk or sober, she replied: "Well, all I can say he acted like he was."

Brannon testified also that he detected the odor of whiskey on the breath of the appellant after the injury and before the latter had been removed from the scene.

A male riding companion of Brannon corroborated the latter concerning the manner in which the accused was driving his tractor, but he did not smell any whiskey.

Some other parties came to the scene shortly after the collision. They went in an automobile with the appellant to the physician's office. None of these persons detected the odor of alcohol on defendant's breath. The doctor testified that he did not.

The highway patrolman arrested the accused after the injuries were treated.

The officer was asked: "After you made the arrest, did you discuss the wreck, did the boy discuss the wreck with you and the other patrolman?" The witness replied: "I can answer that by saying this, he asked us what we were arresting him for and we told him driving while under the influence of whiskey and then he made the other statement."

The "other statement" was: "Said he did not deny being drinking, said he wanted to go before the Judge and ask for the lowest and pay it off."

The above statements were made about an' hour after the collision. It was established by the evidence that the statements were voluntarily made.

The insistence is made that the assertions are not in the nature of a confession and they should not have been allowed in evidence. It is contended that our holding in Johnson v. State, 24 Ala.App. 316, 134 So. 821, supports this view.

It is to be noted that in the cited case we were dealing only with the statement, "I am going to plead guilty."

The courts follow the rule which provides that any acts or declarations of an accused which have relation to the offense for which he is charged, indicating a consciousness of guilt, are admissible. Palmer v. State, 15 Ala.App. 262, 73 So. 139; Woodard v. State, 253 Ala. 259, 44 So.2d 241.

We are clear to the conclusion that the trial judge properly admitted in evidence the statements of instant concern. Holmes v. State, 29 Ala.App. 594, 199 So. 736; Wilson v. State, 31 Ala.App. 560, 19 So.2d 777; Lindsey v. State, 32 Ala.App. 545, 28 So.2d 799; Ogden v. State, 15 Ala.App. 9, 72 So. 587. See also other cases cited, 6 Alabama Digest, Criminal Law, ☞351(1) and 412(1), (2), and (3).

Appellant's counsel urges the position that the evidence is not sufficient to sustain the adjudication of guilt.

Unquestionably the proof supports the finding that the appellant was drinking. The extent of intoxication is not made certain by direct proof.

We may state that the guilt of the defendant was not abundantly sustained by the evidence; however we think and hold that under the authorities the proof was sufficient to support the lower court's conclusion.

This court in the case of Broxton v. State, 27 Ala.App. 298, 171 So. 390, held that when it is shown that the driver of an automobile has been drinking it becomes a question for the jury to say, from all the facts and circumstances, whether or not the driver was under the influence of liquor.

In the case of Holley v. State, 25 Ala. App. 260, 144 So. 535, 536, Judge Samford, writing for this court, made this observation: "There are perhaps as many stages of intoxication as there are varieties of Heinz pickles, and the party affected rarely knows when he passes from one to another. But, in whatever stage he is, if he drives a vehicle upon the public road he becomes a menace to the public and subjects himself to the penalties of the statute."

It is not necessary for the prosecution to establish that the degree or extent of intoxication had reached the stage where it would interfere with the proper

operation of the vehicle. McMurry v. State, 28 Ala.App. 253, 184 So. 42.

Our approach to this review must be in recognition of the familiar rule which provides that the conclusion of the court sitting without a jury, based upon oral testimony of witnesses, must be given the same effect on appeal as a verdict of a jury, and this conclusion should not be disturbed unless it is plainly and palpably contrary to the weight of the evidence. Pride v. State, 32 Ala.App. 639, 29 So.2d 346; Edmondson v. State, 30 Ala.App. 433, 7 So.2d 508. See also McGuire v. State, 19 Ala.App. 138, 95 So. 565.

The judgment entry does not in any manner undertake to sentence the defendant for the fine and costs. This is required. Crane v. State, 33 Ala.App. 284, 32 So.2d 784.

We are at a loss to understand why this omission appears so frequently in the records that come to this court on appeal

The judgment of the court below is ordered affirmed, and the cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.