63 So.2d 730

**HUFSTETLER v. STATE.**

**7 Div. 239.**

Court of Appeals of Alabama.

March 3, 1953.

Keener & Keener, Centre, for appellant.

72

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was convicted by the court without a jury on a charge of petit larceny. The property involved was 6½ gallons of gasoline.

The defendant did not testify nor offer any evidence.

The undisputed facts are narrated by a witness as follows:

"My name is Porter Whorton. I live at Forney in Cherokee County, Alabama. I know the defendant, Thomas R. Hufstetler. I own and operate a store and service station at Forney, Alabama. On March 29, 1952, the defendant drove an automobile up to my gasoline tanks. There were some two or three other men in the car with him, and a man in the back seat got out and started in the store and asked if I had a telephone. When I told him I did not have a phone, he said he wanted some gasoline and went back and got in the car. I asked him how much and he said, 'fill it up'. I put 6½ gallons of gasoline in the car and this man said to get a quart of oil, and when I went for the oil, the defendant drove off in the automobile together with the man who ordered the gas and the others in the car without paying for the gasoline. This 6½ gallons of gas belonged to me and was of the value of $1.94, and this occurred in Cherokee County, Alabama, and within twelve months before the commencement of this prosecution."

The only question of critical concern is whether, on the basis of the above proof, the judgment of conviction can be sustained.

Appellant's attorney in brief urges that Whorton voluntarily parted with the possession and ownership of the gasoline.

Confusion sometimes arises in an effort to distinguish the kindred criminal offenses of larceny, false pretenses, and embezzlement.

The Massachusetts Supreme Court in Commonwealth v. Barry, 124 Mass. 325, gave a distinction that is clear and comprehensive:

"If a person honestly receives the possession of the goods, chattels or money of another upon any trust, express or implied, and, after receiving them, fraudulently converts them to his own use, he may be guilty of the crime of embezzlement, but cannot be of that of larceny, except as embezzlement is by statute made larceny. If the possession of such property is obtained by fraud, and the owner of it intends to part with his title as well as his possession, the offence is that of obtaining property by false pretenses, provided the means by which they are acquired are such as, in law, are false pretenses. If the possession is fraudulently obtained, with intent on the part of the person obtaining it, at the time he receives it, to convert the same to his own use, and the person parting with it intends to part with his possession merely, and not with his title to the property, the offence is larceny."

The text writer in 35 C.J.S., False Pretenses, § 3, p. 638, states the difference between larceny and false pretenses:

"The crime of obtaining money or goods by false pretenses is closely allied, or analogous, to that of larceny, and it has been said that the statutes denouncing it and like offenses were designed for the fuller protection of personal property and in aid of the laws against larceny and theft. However, the two offenses are generally distinguishable, although the distinction is very fine where the obtaining of the money or property is accomplished by fraud, trick, or device. The distinction between the crimes of obtaining by false pretenses and larceny lies in the intention with which the owner parts with the property; if the owner, in parting with the property, intends to invest accused with the title as well as the possession, the latter has committed the crime of obtaining the property by false pretenses, but if the intention of the owner is to invest accused with the mere possession of the property, and the latter, with the requisite intent, receives it and converts it to his own use, the crime is larceny."

See also, 32 Am.Jur., Larceny, Sections 28 and 29, pp. 914, 915, and 916.

 In the case at bar the circumstances disclose that by the application of the well known doctrine of aid and abet the appellant secured the possession of the gasoline by a trick or fraud. The obtaining of the property by the consent of the owner under such conditions will not necessarily prevent the taking from being larceny. In other words, an actual trespass is not always required to be proven. The trick or fraud vitiates the transaction, and it will be deemed that the owner still retained the constructive possession.

What we have said relates to the possession. It is certainly a logical conclusion that Whorton had no intention of parting with the ownership of the property until he had received pay therefor.

The element of the intent of the appellant is inferable from the factual background.

We would be entirely out of line with the authorities if we should disturb the judgment of the trial judge. Reynolds v. State, 31 Ala.App. 259, 15 So.2d 600; Ex parte Economu, 211 Ala. 237, 100 So. 85; Verberg v. State, 137 Ala. 73, 34 So. 848; Savage v. State, 15 Ala.App. 168, 72 So. 694; McKinney v. State, 12 Ala.App. 155, 68 So. 518.

The court failed to sentence the defendant for the fine and costs. Crane v. State, 33 Ala.App. 284, 32 So.2d 784.

The judgment below is ordered affirmed. The cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.