114 So.2d 303

Clarence G. **TAYLOR**

v.

**STATE.**

**7 Div. 552.**

Court of Appeals of Alabama.

Aug. 18, 1959.

Corretti & Newsom, Birmingham, and Handy Ellis, Columbiana, for appellant.

John Patterson, Atty. Gen., and John F. Proctor, Asst. Atty. Gen., for the State.

PRICE, Judge.

This is an appeal from a conviction for driving a motor vehicle on a public highway while under the influence of intoxicating liquors.

Two highway patrolmen testified they followed defendant in his car for almost a mile on Highway 31. The car was weaving or wobbling back and forth across the road. Both patrolmen testified defendant staggered when he got out of the car. His tongue was thick, his eyes were glassy and there was a strong odor of alcohol on his breath. Defendant was taken directly to the Columbiana Jail. The jailer testified he did not speak plainly; that he was staggering and talking loud and his breath smelled of whiskey.

The testimony of defendant and that of his witnesses was to the effect that defendant had driven to Thorsby from Birmingham with a real estate broker to look over some property. On the way back they stopped at the Green and White Restaurant for dinner. At the restaurant they talked to a waitress who had known defendant for some time. After they left the restaurant defendant ran a red light at Alabaster. Shortly thereafter the patrolmen stopped the car and asked defendant to get out. The real estate broker testified defendant had had nothing to drink from the time they left Birmingham. Defendant stated he had one mixed drink before leaving Birmingham, around a quarter to three, which was more than five hours before he was arrested. The waitress at the cafe testified she did not detect an odor of alcohol on defendant's breath at the time he was in the

restaurant. A fellow employee of defendant for twenty years testified he saw defendant at the restaurant and he did not smell of alcohol or appear to be drunk. Defendant testified he suffers from a leg disorder, which causes him to be unsteady on his feet.

■ The conflicting evidence presented questions for the jury's determination, and was sufficient to sustain the judgment of conviction. Pickett v. State, 30 Ala.App. 543, 9 So.2d 31; Chambers v. State, 31 Ala. App. 269, second case, 15 So.2d 743, certiorari denied 245 Ala. 113, 15 So.2d 744. The general affirmative charge was refused without error.

■ Appellant's counsel contends the trial court erred in refusing to give to the jury the following charges requested in writing by defendant:

"1. The Court charges the jury that before you can convict the defendant you must believe from the evidence beyond a reasonable doubt that defendant had drunk enough intoxicating liquors to disturb the action of his physical and mental faculties so that they were no longer in their natural or normal condition.

"2. The Court charges the jury that the charge on which the defendant is being tried is for driving a motor vehicle upon a highway in this state while he was intoxicated and to render him guilty the burden is on the state to prove beyond a reasonable doubt that he was not only under the influence of intoxicating liquors but that he must have drunk enough to disturb the action of his physical and mental faculties so that they were no longer in their natural or normal condition.

"3. The Court charges the jury that it is not sufficient for a conviction that the defendant is under the influence of intoxicating liquor but the burden is on the state to prove beyond a reasonable doubt that he was intoxicated to such an extent as to disturb the action of his

physical and mental faculties so that they were no longer in their natural or normal condition.

"5. The Court charges the jury that the word intoxicating as used in the Statute under which the defendant is being prosecuted means more than being under the influence of liquor, but before the defendant can be convicted you must believe from the evidence beyond a reasonable doubt that he was intoxicated to such an extent, and drunk enough to disturb the action of his physical and mental faculties so that they were no longer in their natural or normal condition."

These charges were properly refused. The prosecution is only required to show that defendant was under the influence of liquor, and it is not essential that the degree or extent of intoxication be established. Holley v. State, 25 Ala.App. 260, 144 So. 535; McMurry v. State, 28 Ala.App. 253, 184 So. 42; Evans v. State, 36 Ala.App. 145, 53 So.2d 764.

The judgment is affirmed.

Affirmed.