150 So.2d 762

Eddie VEASEY

v.

STATE.

4 Div. 473.

Court of Appeals of Alabama.

March 5, 1963.

Eddie Veasey, pro se.

MacDonald Gallion, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, Eddie Veasey, was convicted of grand larceny by the Covington County Circuit Court.

There is abundant evidence to establish the corpus delicti of the crime in that Ray Butler's automobile was feloniously taken from the Covington County Court House parking lot on June 19, 1962, and driven to Mobile, Alabama by Billy Joe Carnley.

The record before the court includes the following testimony of H. L. Wilson, Chief Deputy Sheriff of Covington County:

"A. His statement was that he wanted to come on back over here and enter a plea of guilty, that they got the car and he wanted to come back and enter a plea of guilty.

"Q. He said they got the car?

"A. He had instructed the Sheriff in Evergreen to call me, and that's why I went over, to pick him up. He was serving a jail sentence and they cut it short. They gave him eleven days he was supposed to serve, and I picked him up and brought him back over here so he could be here for court, at his request.

"Q. That's all.

"THE COURT: Now you may cross examine Mr. Wilson.

"CROSS EXAMINATION

"BY MR. VEASEY:

"Q. Mr. Wilson, ain't it true enough that I made the statement that I did ride on the car, that I did not steal the car?

"A. You said that Billy Joe drove the car off.

"Q. That I caught the car right down there and I showed you where he picked me up when we came by there?

"A. Uh huh.

"Q. Isn't that the truth?

"A. Sure did.

"Q. That's all."

On cross examination Veasey testified that his statement that he wanted to plead guilty was for the purpose of causing his transfer from the jail in Evergreen which he called "rotten" to the Covington County jail which he termed "decent", and that he never intended to plead guilty.

■ There is a rule that a confession is admissible where the corpus delicti is proven or established independent of the confession. Dooley v. State, 27 Ala.App. 261, 170 So. 96.

■ A statement by the defendant that he wanted to plead guilty is not a confession. Johnson v. State, 24 Ala.App. 316, 134 So. 821. "A mere statement of intention to plead guilty should not be treated as an admission of guilt." Parker v. State, 40 Ala.App. 244, 112 So.2d 493, cert. den. 269 Ala. 699, 112 So.2d 496.

■ Wilson's testimony, "His statement was * * * that they got the car * * *" inculpates Veasey, but in view of Wilson's testimony on his cross examination which immediately followed this inculpating statement and which clarified it, we cannot say that this statement is of such an incriminatory nature as to constitute a confession.

■ Therefore, we feel that the State failed to produce sufficient evidence to establish beyond a reasonable doubt that the defendant feloniously took the automobile. The motion for a new trial should have been granted because, as stated in the first ground, the verdict is contrary to the great weight of the evidence.

Reversed and remanded.